McMurray and Thomas agt. Gifford.

## SUPREME COURT.

### McMurray & Thomas agt. Gifford.

An answer is bad, wnere it controverts no allegation of the complaint, and sets up no new matter in bar, but merely denies a conclusion of law.

An answer is bad, which merely alleges that the note sought to be recovered was obtained by fraud. and omits to set out any facts showing the existence of such fraud.

An affidavit of " a defence in the action," without swearing to merits, or advice of counsel, is insufficient under Rule 39.

The principles of pleading under the Code, as stated by Harris J. in Russell vs. Clapp (4 *How. Pr. R.* 347), and by Sill J. in *id.* 98, approved.

*At Chambers—July* 31, 1850.

Willard, Justice.—The complaint is upon a promissory note, alleged to have been made by the defendant, and payable to the plaintiffs, and contains all necessary allegations to establish a cause of action.

The answer is double. The first merely denies being indebted to the plaintiffs as alleged in the complaint. The second states that if the plaintiffs are the owners or holders of a promissory note named in the plaintiffs' complaint, the said note was obtained from the said defendant by fraud, and is without consideration and void.

The plaintiffs, on a notice of five days, now move for judgment, under § 247 of the Code, on the ground that the answers are frivolous.

The first answer is bad. It controverts no allegation of the complaint, and sets up no new matter in bar. The complaint states facts from which the legal conclusion is, that the defendant is indebted to the plaintiffs in the amount due on the note. The answer virtually admits all these facts, but denies the conclusion of law. It thus presents no issue of fact that can be tried. This form of answer has been repeatedly held to be bad (Pierson vs. Cooley, 1 *Code Rep.* 91; Burr vs. Squier, *id.* 84; *Monell's Pr.* 148).

McMurray and Thomas agt. Gifford.

The second answer is also bad. An answer seeking to avoid the complaint by new matter, should confess, directly or by implication, that but for the matter of avoidance contained in it, the action could be maintained (Conger vs. Johnston, 2 *Wend.* 96). The Code gives no countenance to a hypothetical answer. It requires a general or specific denial, or a denial according to information and belief, or of any knowledge sufficient to form a belief, of the allegation of the complaint attempted to be controverted (§ 149); or, 2d, a statement of new matter, constituting a defence; and by the 168th section, every material allegation in the complaint, not so controverted, shall, for the purpose of the action, be taken as true. It is thus treated as an implied admission of the material allegations of the complaint which it does not controvert. The defendant attempts to evade this principle of the Code.

It is bad, also, for another reason. It does not set out the *facts* which show that the note was obtained by fraud, or that it was without consideration or void. It disregards the requirement of the 2d subdivision of section 149. It alleges a conclusion of law, without averring the existence of the facts by which it is supported. It presents no fact upon which an issue could be taken, and gives the plaintiffs no intimation of the facts which he intended to prove, to establish the conclusion of law on which the defence rests. The principles of pleading under the Code are correctly stated by HARRIS J. in Russell vs. Clapp (4 *Howard, Pr. Rep.* 347), and by SILL J. in Gleny vs. Hitchins (*id.* 98). In both these cases the question arose on a demurrer. But Pierson vs. Cooley (1 *Code Rep.* 91) was a motion for judgment notwithstanding an answer, and which answer was like the first one in this case.

The 247th section of the Code authorises a motion for judgment when the answer is *frivolous.* The 152d section allows sham answers and defences to be stricken out on motion. The above provisions were the same under the former practice (*See Rule of Sup. Court,* 86; *Gr. Pr.* 249, 250, *and cases cited,* 2 *ed.*). If the questions presented by the answer raise a reasonable

doubt, perhaps the answer should not be struck out on motion, but the plaintiff should be put to his demurrer.   But where the answer is clearly bad, as in this case; and especially where it is drawn up in violation of the rules of the Code, and the well settled practice of the court, the plaintiffs should not be put to the expense and delay of a demurrer.

The defendant has presented an affidavit of " a defence in the action," asserting that the answers were put in in good faith, and not for delay.  The affidavit is not in conformity to Rule 39, nor to the existing practice.  He does not swear by advice of counsel, nor to a defence *on the merits*.   Perhaps he may mean by defence, his inability to pay.   No facts are stated; and as no facts are stated in the answers, an affidavit in general terms, that they are true, amounts to nothing.   The affidavit to prevent striking out the answers, and for judgment, should be as full as that required by our former 91st Rule, made in pursuance of the, law of 1840, p. 333, § 17.   The affidavit in this case falls far short of that, and was probably intended to be evasive.

I shall therefore direct judgment for the plaintiffs, for the sum claimed in the complaint $109·75, and interest from the fourth July last.