CARLTON AND PATCH *vs.* PIERRE CHOUTEAU, ET. AL.

Under the Statutes existing before the Code took effect, where several defendants were sued as joint Promissors, judgment could not be taken against one of them separately.

This was an action of assumpsit in the usual form, for work and labor; commenced by Carlton and Patch, plaintiffs, against

Pierre Choteau, Jr. John B. Sarpy, John F. A. Sandford, Jos. A. Sires, Henry H. Sibley, Henry M. Rice, and Sylvanus B. Lowry, defendants. By stipulation, a jury trial was waived, and the cause tried by the Court. On the 9th of October, 1851, after hearing the evidence, and argument of counsel, the Court rendered judgment against Henry M. Rice for the sum of four hundred and fifteen dollars, and in favor of the other defendants. The decision was as follows:

"In pursuance to the stipulations entered into by the parties to this suit on the 13th day of September, 1851, and filed in this cause, the matters of law and fact in controversy between said parties were submitted to the determination of the Court, without the intervention of a jury, on the 24th day of September, A. D. 1851. Whereupon, upon hearing the evidence touching the matters and things involved, and upon argument by counsel, the cause is held under advisement until this 9th day of October, A. D. 1851, when it is adjudged by the Court, that the said Pierre Chouteau, Jr. John B. Sarpy, John M. A. Sandford, Joseph A. Sire, Henry H. Sibley, and Sylvanus B. Lowry, did not assume and promise in manner and form as the said John J. Carlton and Edmund Patch have complained against them: but that the said Henry M. Rice did, of his own right, for himself, assume and promise in manner and form as the said Carlton and Patch have complained; and do assess the damage of the said Carlton and Patch, by reason of the premises, at four hundred and fifteen dollars. Therefore, it is considered by the Court, that the said John J. Carlton and Edward Patch recover of the said Henry M. Rice the said sum of four hundred and fifteen dollars, their damages aforesaid, in form aforesaid, assessed, and their costs in this behalf to be taxed."

The plaintiffs, upon this judgment, sued out a writ of Error to this Court.

RICE, HOLLINSHEAD & BECKER, for Plaintiffs.

AMES, BABCOCK, & WILKINSON, for Defendants.

FULLER, C. J.  This is an action of assumpsit. The delaration is against the defendants, as partners and joint contract-

ors, and contains the common counts only. The defendants, Rice and Lowry, did not plead to it. The other defendants pleaded *non assumpsit.*

The Court below rendered judgment against Henry M. Rice and in favor of his co-defendants : the Judge who tried the cause without a jury, finding by his written decision, spread upon the record, that there was no joint undertaking, but that the defendant, Rice, promised individually.

We are not at all satisfied that under the provisions of the Revised Statutes, pp. 343, 349, Chapter 70, an action can be commenced against joint contractors on a joint promise, and judgment rendered against one of them alone, on his several promise ; and we leave that question undetermined. See *Murray vs. Gifford,* 5 *How. Pr. Rep.* 14 *Voorhies' Prac.* 229.

But this action was commenced before the Revised Statutes took effect ; and by Section 26 of Chapter 70, page 332, is expressly excepted from the operation of that Chapter.

By the the common law, the plaintiffs must recover against all the defendants or none. *Graham's Pl.* 91, 95, 1 *ch. P. C.* 50 7 *Term Rep.* 352.

The District Court erred, therefore, in rendering judgment against one of the defendants, and in favor of the others, and the judgment must be reversed with costs of reversal, the cause remitted to the Court below, and a *venire de novo* issued. Order accordingly.

It is unnecessary to decide the other questions raised upon the argument. We think, however, that the statement of facts found on the trial contained in the decision of the Court is not a sufficient compliance with the provisions of Section 41, page 356, R. S.