Arthur *v.* Brooks.

the lunatic who has no committee, their shares must be paid to the county treasurer of Dutchess county, to be invested, and accumulated, until the further order of the court.

[DUTCHESS SPECIAL TERM, December 13, 1852. *Barculo*, Justice.]

---

ARTHUR *vs.* BROOKS and others.

In an action to foreclose a mortgage, brought by the assignee, the defendants put in an answer, denying that the mortgagee, for a valuable consideration paid by the plaintiff, duly assigned, transferred and delivered the mortgage to the plaintiff, and alledged that the same, if ever sold by the mortgagee, was in fact sold to B., one of the defendants, and that if any assignment was ever executed by the mortgagee to the plaintiff, the same was only so in form, and that B. furnished the money to purchase the same, and that he was the true plaintiff in interest, and the suit should have been brought in his name. *Held*, on demurrer, that the answer was defective, because it set up matter in avoidance, without admitting that but for the avoidance the action could be sustained; because it was hypothetical; because it set up matter in avoidance, and at the same time denied the allegation it sought to avoid; and because it attempted to show, argumentatively, that the mortgage had been paid, without asserting the fact.

In a demurrer to an answer, on the ground of insufficiency, it is enough to alledge, generally, that the answer is insufficient. And under such an allegation the plaintiff can avail himself of any insufficiency which goes to the merits of the answer.

APPEAL by the plaintiff from an order made at special term, overruling a demurrer to the defendants' second answer. The action was brought to foreclose a mortgage executed on the 13th of November, 1844, by the defendants Brooks and Hodgman and one West Davis to Susan Daubeney, to secure the payment of $1600, the purchase money of the mortgaged premises. The complaint alledged that on the 11th of March, 1850, Susan Daubeney, the mortgagee, for a valuable consideration to her paid by the plaintiff, assigned the mortgage, and the bond accompanying the same, to him, and that $840, together with interest from June 10, 1848, was due and unpaid. The defendants'

---

Arthur *v.* Brooks.

---

answer, among other things, contained the following denial:
" And defendants further answering say that they deny that on
the 11th day of March, 1850, or at any other time the said Susan
Daubeney, for a valuable consideration to her paid by the said
plaintiff, duly assigned, transferred and delivered to the said
plaintiff the said bond and mortgage, whereby he ·became the
sole and absolute owner thereof, but the same if ever sold by
the said Susan Daubeney, was in fact sold to the said defendant
Daniel Brooks, and that if any assignment was ever executed
by said Susan Daubeney to the said plaintiff, which defendants
deny, the same was only so in form, and that the said Daniel
Brooks furnished the money to purchase the same, and that he
is the true plaintiff in interest therein and this suit should have
been brought in his name and not in the name of the said Francis
Arthur." To this part of the answer the plaintiff demurred,
assigning the causes mentioned in the opinion of the court.

*B. & A. Pond*, for the plaintiff.

*M. T. Clough*, for the defendants.

*By the Court*, WILLARD, P. J. The only question before us
is, whether the second answer constitutes a defense to the action.

The objections pointed out by the demurrer are, 1st. That it
sets up matter in avoidance, and does not admit that but for the
avoidance the action could be sustained; 2d. It is hypothetical;
3d. It sets up matter in avoidance, and at the same time denies
the allegation it seeks to avoid; and 4th. It is insufficient.

The answer is clearly obnoxious to the three first objections.
These objections render the answer bad on demurrer. (*Conger*
v. *Johnston*, 2 *Denio*, ·96. *Commercial Bank* v. *Sparrow*, *Id.*
97. *Boyce* v. *Brown*, 7 *Barb*. 80, 85. *McMurray* v. *Gif-
ford*, 5 *How. Pr. Rep*. 14. *Lewis* v. *Kendall*, 6 *Id*. 59, 64,
5, 6. *Sayles* v. *Wooden*, *Id*. 84. *Buddington* v. *Davis*, *Id*.
401. *Anibal* v. *Hunter*, *Id*. 255.) Duplicity is pointed out
by the demurrer, and is a fatal objection. (*Boyce* v. *Brown*,
*supra*.)

Arthur *v.* Brooks.

The fourth objection is more general. It merely states that the answer is insufficient, without specifying wherein, except the three preceding objections. In a demurrer to a *complaint* the code requires that it should distinctly specify the grounds of objection *and unless it do so it may be disregarded.* (*Code,* § 145.) And it is further provided, in effect, that every objection to the complaint, not taken by demurrer or answer, shall be deemed to be waived, except the objection to the jurisdiction of the court, and that the complaint does not state facts sufficient to constitute a cause of action, (§ 148.) But in a demurrer to an *answer* or *reply,* the consequences of omitting to specify the grounds thereof, are not stated in the code. (*See* §§ 153, 155.) It has been held to be enough to specify generally that the answer or reply is insufficient. (*Anibal* v. *Hunter,* 6 *How.* 255.) The party demurring can, therefore, avail himself of any insufficiency, which goes to the merits of the pleading.

In the present case, the second answer does not put in issue the assignment of the bond and mortgage to the plaintiff. It was immaterial whether the assignment to the plaintiff was for a valuable consideration or not. A gratuitous assignment would pass the title, as between the parties, and a delivery, without writing, would be as effectual as an instrument under seal. Now the answer instead of meeting the material allegation of the complaint, takes issue conjunctively upon all the circumstances alledged in the complaint. It was immaterial who paid the consideration for the assignment, or whether it was paid or not. The answer is a negative pregnant. It raises several immaterial issues, the trial of which serve only to embarrass the cause.

Again; the answer does not in any shape deny the assignment. It merely affirms that the defendants *say that they deny,* &c. A direct and positive denial of a fact is one thing; merely saying that they deny, is quite another. It would be impossible to assign perjury in an affidavit to such answer, upon the *denial.* The defendant would answer that he had not in fact denied; but had only said to some one that he had denied the averment in the complaint.

The latter part of the second answer argumentatively attempts to make out that the mortgage was paid, but does not assert that it has been paid. It alledges that Brooks, one of the mortgagees, furnished the money to purchase the mortgage, and that he is the true plaintiff in interest, and the suit should have been brought in his name. It is immaterial where the plaintiff borrowed or procured the money with which to purchase the mortgage. It is not alledged that Brooks was the purchaser of the mortgage, or that the mortgage was paid. The answer is bad in every aspect in which it can be viewed.

I think the order of the special term, overruling the demurrer to the second answer, should be reversed, with ten dollars costs; and that the demurrer should be allowed, with leave for the defendants to amend on payment of ten dollars costs of the special term, and ten dollars costs of the general term.

Judgment accordingly.

[Schenectady General Term, January 3, 1853. *Willard, Hand, Cady* and *C. L. Allen,* Justices.]