## SUPREME COURT.

### RICHTMYER *agt.* HASKINS.

Under §§ 153 and 168 of the Code, as amended in 1852, there can be no *demurrer* to an answer which does not contain new matter constituting a *counter-claim.* Such a demurrer, when put in, must be considered a *nullity.* (*See Hopkins agt. Everett*, 6 *How. Pr. R.* 159; *Salinger agt. Lusk*, 7 *id.* 430; *and Wisner agt. Teed, ante p.* 143; *adverse—and Thomas agt. Harrop*, 7 *id.* 57; *Loomis agt. Dorshimer*, 8 *id.* 9; *Simpson agt. Loft*, 8 *id.* 234, *and Roosa agt. the Saugerties & Woodstock Turnpike Co.*, 8 *id.* 237, *in accordance with this decision.*)

Section 154 should have been amended when the 153d section was amended, by striking out the word "defence," and inserting "counter-claim." But taking § 154 as it stands, its only legal effect is to declare that the defendant may apply for judgment, when the plaintiff omits to reply, or demur to an answer requiring a reply or demurrer.

*Albany General Term, Feb.* 1854.

Present WRIGHT, HARRIS, and WATSON—Justices.

*Demurrer to answer.*—The action was for slander. The defendant interposed several defences, and, among others, alleged that the slanderous words were spoken under circumstances which rendered them privileged. To the latter defence the plaintiff demurred. The demurrer was argued at the Schoharie circuit, in September, 1853, before Mr. Justice W. F. ALLEN, who made an order overruling the demurrer, and rendering judgment thereon for the defendant, with leave to the plaintiff to withdraw the demurrer, or, if necessary or proper, to reply to said answer, on payment of twenty dollars costs of the demurrer within twenty days after service of the order. From this order the plaintiff appealed to the general term.

L. FALK, *for plaintiff.*

L. TREMAIN, *for defendant.*

By the court. HARRIS, Justice. In Arthur agt. Brooks, (14 *Barb.* 533,) there was a demurrer to a part of an answer, which was overruled at the special term, and, upon appeal to the general term, the order was reversed. In that case, as in this, the question, whether the plaintiff had a right to demur to the answer, was not raised by counsel.—Nor was it noticed by the court.

In Bogardus agt. Parker, 7 *Howard*, 303, and Noxon agt. Bent-ley, 7 *How*. 316, demurrers to answers were considered and decided without any notice of the question whether such a de-murrer was an authorized pleading. It does not, however, dis-tinctly appear that either of these cases arose subsequent to the amendments of the Code adopted in 1852. Perhaps it should be assumed that they arose before, for then such demurrers were authorized : for, as the 153d section of the Code stood, before the amendments of 1852, the plaintiff might demur to any answer which contained new matter constituting a defence or set-off. In each of the cases above cited, the answer pre-tended to allege such new matter, and of course the plaintiff might demur.

It was held in Hopkins agt. Everett, 6 *How*. 159, that the word " same," as it is found in that clause of the 153d section, which authorizes a demurrer to an answer for insufficiency, refers to the word " answer " in the commencement of the sec-tion, and not to the term " new matter," and that, therefore, a demurrer for insufficiency would lie to any answer, even though it contained but a denial of the plaintiff's allegations. The same construction was asserted, and much insisted on, by the same judge in Salinger agt. Lusk, 7 *Howard*, 430, and it is there stated that the construction given to the section in ques-tion, in Hopkins agt. Everett, had been affirmed by the general term in the second district. But while I embrace the occasion to express my admiration of the talents and learning of that distinguished judge, whose judicial labors death has closed but too soon, I cannot assent to the soundness of his construction of the language in question. I agree with him that the word " same " refers to the word " answer," as its antecedent. I go further, and agree with him that the word " same," in the section, does not refer to the term " new matter." But I can-not concur in the conclusion which has been drawn from these premises, which is, that because the word " same " refers to the " answer," and not to " new matter," *therefore*, a demurrer for insufficiency will lie to *every answer*. On the contrary, I understand that while the word " same " in the clause which

authorizes a demurrer, refers to the word "answer," it is to such an "answer" as is described in the section; an answer "containing new matter constituting a defence or set-off," as the section stood before the amendments of 1852, and, after those amendments, "an answer containing new matter constituting a counter-claim." It is of such an answer alone that the section speaks. It is to such an answer alone that its provisions apply.

This construction of the section under consideration is supported by the opinions of some of the ablest judges in the state. In Thomas agt. Harrop, (7 *How.* 57,) Mr. Justice MASON, when considering a demurrer to an answer, said, "It is only where the answer sets up new matter constituting a defence, and which would require a reply from the plaintiff, that he can, under the present system, demur to the answer." In Loomis agt. Dorsheimer, (8 *Howard,* 9,) MARVIN, J., says, in reference to the language of the 153d section, as it stood before it was amended in 1852, "The word 'same,' as here used, relates to the kind of answer previously mentioned in the section, that is, an answer containing new matter. It seems to me that this is the obvious construction, and that the plaintiff was not permitted to reply or demur, unless the answer contained new matter by way of defence." The same construction has been given to the section by the superior court of New-York. In Quinn agt. Chambers, (11 *Leg. Obs.* 155,) the plaintiff had demurred to such parts of the defendant's answer as contained new matter. Upon this demurrer an order had been made declaring the same frivolous, and rendering judgment for the defendant. Upon appeal from this order, Mr. Justice BOSWORTH said, "There seems to have been a misapprehension, by both parties, of the existing provisions of the Code in relation to the cases in which a plaintiff may demur. There cannot now be a demurrer to new matter in an answer constituting a defence, unless such new matter sets up a counter-claim." In this decision chief justice OAKLEY and justices DUER, PAINE, and EMMET concurred.

Even Mr. Justice BARCULO, in Salinger agt. Lusk, admitted

that the alteration in section 153 of the Code, in 1852, seemed to indicate an intention to avoid or annul his decision in Hopkins agt. Everett. But he was still inclined to think the legislature had been unsuccessful in giving effect to its intention; and that, even yet, the grammatical as well as legal construction of the section would allow a demurrer to an answer in all cases of insufficiency, whether it should appear in a denial or in new matter.

The only other judge who has, in any published opinion with which I have met, given the same construction to the 153d section, which it received in Salinger agt. Lusk, is Mr. Justice WELLES. That distinguished judge, in Wisner agt. Teed, (9 How. 143,) after conceding that, "looking at the section by itself, and regarding its grammatical construction, the view that, in order to authorize the plaintiff to test the sufficiency of an answer by a demurrer, it must amount to a counter-claim is, to say the least, plausible," was inclined to think, in view of *other sections*, and the evils and inconveniences to which such a construction would lead, *that it was not so intended.*

The "other sections," which my learned brother invokes to help out his theory, and to overcome what he concedes to be the construction demanded by the section itself, are the 154th and the 155th. It is not to be denied that the 154th section contemplates a reply or demurrer to an answer containing a statement of new matter constituting a defence. But it is also true, that there is nothing in that section which authorizes a party either to demur or reply in any case. The section should, undoubtedly, have been amended when the 153d was amended, by striking out the word "defence" and inserting "counter-claim." (See opinion of BOSWORTH, J., in Quinn agt. Chambers above cited; also the very sensible opinion of MILLS, county judge, in Williams agt. Upton, 8 *Howard*, 205.) But, taking the section as it stands, its only legal effect is to declare that the defendant may apply for judgment, when the plaintiff omits to reply or demur to an answer requiring a reply or demurrer. Thus we are referred back to the 153d section to see when a reply or demurrer to an answer is requisite. That sec-

tion, as I have attempted to show, only authorizes a demurrer or reply when the answer contains matter constituting a counter-claim. The 168th section declares that any other new matter alleged in an answer is to be deemed controverted without further pleading, so that the only practical effect of the 154th section is to allow the defendant to move for judgment when the plaintiff has omitted to reply or demur to an answer alleging matter constituting a counter-claim.

I suppose, too, that it was through inadvertence that the 155th section was left by the legislature to stand in the Code at all. To make the system of pleading it now prescribes harmonious, that section should have been stricken out altogether. But, taking it as it is, it does not affect the question under consideration. It simply declares that the defendant may demur to a reply. It leaves the question, when a reply is a proper pleading, to be determined by other provisions in the Code. Here again we are referred back to the 153d section, to see when a reply is allowable; and, "looking at that section by itself," it is conceded that a reply or demurrer to an answer is allowable only when it contains matter constituting a counter-claim. (See opinions of CRIPPEN, J., in Silliman agt. Eddy, 8 *How.* 122, and CADY, J., in Putnam agt. Deforest, 8 *How.* 146.)

The learned judge whose opinion I am now considering has honored me overmuch. Passing by the opinions of justices MASON and MARVIN, already cited, and the judgment of the five judges of the superior court of New-York on the question, he only refers to two brief opinions of my own on the subject, and thus makes me stand single-handed in the "conflict of opinion" with my lamented brother BARCULO. I think I have shown that, so far from occupying this perilous position, I am supported by a weight of authority which might well be deemed conclusive upon the question.

I am conscious that I am protracting this discussion quite too much, yet I cannot forbear noticing, for a moment, the argument *ab inconvenienti,* upon which both the judges, who maintain the right of demurrer to an answer in all cases, so much rely. Mr. Justice WELLES thinks there is no way of testing

the sufficiency of an answer when it is neither sham, irrelevant, redundant, nor frivolous, except through a demurrer. I cannot better answer this argument than by employing the language of Mr. Justice BARCULO himself:—"I hold it to be correct practice," he says, in Fox agt. Hunt, (8 *How.* 12,) "at the circuit, to lay out of the case all irrelevant allegations, as well as the immaterial issues contained in the pleadings, and hold the parties to trial upon the material issues or points in the case; and if the complaint does not contain a good cause of action, or the answer does not contain a defence, I direct judgment accordingly." No judge, at all familiar with trials at *nisi prius*, will hesitate to subscribe to the soundness of this rule. The legislature, I suppose, had in view this very practice when it abolished the demurrer to an answer, except in the case of a counter-claim, which in its nature is a complaint in a cross-action. Assume this practice to prevail at the circuit, and what evils or inconvenience can arise from the want of a demurrer to an answer? Let the case now under consideration serve for an illustration. The action is for slander. The defendant has denied the allegations in the complaint. He also relies upon the statute of limitations. He insists, in the third place, that he was privileged to say what he is charged with having said. The plaintiff has demurred to the third defence. The issue of law thus made was noticed for trial, and argued at the Schoharie circuit in September, 1853. The demurrer was overruled with leave to reply, &c. From this order an appeal has been taken, and the demurrer re-argued at a general term. Thus a year has been consumed in disposing of a demurrer to one of the defences. If the decision at the special term is sustained, the cause goes back to the circuit for trial upon the pleadings unchanged; for by the 168th section of the Code, the allegations in that part of the answer to which the demurrer is interposed are to be deemed controverted without further pleading. If the decision at the special term is reversed, and the demurrer is allowed, still the cause goes back for trial upon the other issues. The result is, that three trials must be had—and how many more is yet to be seen.

Richtmyer agt. Haskins.

Now, suppose there had been no demurrer to the answer; the new matter alleged in the answer, being at issue by the operation of the 168th section, the cause would have been set down for trial upon all the issues, at the same circuit at which the demurrer was argued. The plaintiff might have failed upon the prior issues in the action; but if not, and the parties had come to the third defence, the question might then have been presented, whether the matters alleged in the third defence were sufficient to constitute a defence to the action. If the court had been of opinion that the matters so alleged were insufficient, the defendant would not have been allowed to go into proof to sustain that issue. If, on the other hand, it had been regarded as a sufficient defence, being controverted, the parties might have proceeded with their proof upon that issue, and thus the whole case might have been disposed of at a single trial. And so, as a general thing, I think every experienced lawyer will agree with me, that while a demurrer is the cause of great delay and expense, but little progress is made by means of it in establishing the rights of the parties. It may sometimes be very desirable to have the law of the case settled before the trial, but it adds very seriously to the labor of the court and the expense of the litigants. At any rate, I can perceive no great danger to the rights of the parties from giving effect to the intention of the legislature by refusing to decide upon the sufficiency of an answer in anticipation of the trial upon the merits. For myself, so far am I from regarding the practice proposed to be established as either *absurd* or *inconvenient*, that I should not hesitate, were I acting as a legislator instead of a judge, to abolish the demurrer to an answer altogether, believing, as I do, that justice between parties may be more cheaply and speedily, and quite as certainly, obtained without a preliminary trial upon such an issue.

As the demurrer was an unauthorized pleading, the court had no authority to render judgment upon it. It was a nullity, and the order overruling it was also void. It should therefore be reversed, but without costs to either party.