**488**            NEW-YORK PRACTICE REPORTS.

Myatt agt. The Saratoga County Mutual Insurance Company.

## · SUPREME COURT.

### MYATT agt. THE SARATOGA COUNTY MUTUAL INSURANCE COMPANY.

A *demurrer* to an answer not containing new matter constituting a *counter-claim* is a *nullity*, on which no judgment can legally be given for either party.

*New matter,* in an answer *not* relating to a counter-claim, is put in issue by § 168 of the Code. Under that section it has no other effect than a notice of special matter had under the former system of pleading.

Sections 153 and 168 of the Code having been amended in 1852, leaving section 154 standing as it did in 1851, full effect can not now be given to the latter section; it being in conflict with § 168, the latter must prevail. Section 154 must be considered a dead letter, unless confined to answers containing new matter constituting a counter-claim. (*It will undoubtedly be noticed as quite remarkable, the similarity of reference and reasoning in this opinion with that of Richtmyer agt. Haskins, ante, p.* 481.)

*Montgomery Special Term, September,* 1854. This is an action on a policy against loss by fire. ·The defendant put in eight answers, and the plaintiff has demurred to the 1st, 2nd, 7th and 8th. And one answer given to the demurrers is, that the answers demurred to do not contain any new matter constituting a counter-claim; and that, therefore, the plaintiff's demurrers must be regarded as nullities.

JOHN WELLS, *for plaintiff.*
WM. A. BEACH, *for defendant.*

CADY, Justice. There has been, and still is, a difference of opinion, and have been contrary decisions, as to the question presented in this case, and I cannot claim that my own opinion has been uniformly the same as to a plaintiff's right to demur to an answer not containing new matter constituting a counter-claim.

The courts have not on all occasions promptly noticed the rapid changes the legislature has made in the Code.

In Arthur agt. Brooks, (14 *Barb.* 533,) sections 153 and 168 of the Code, as amended in 1852, were not referred to by the counsel or the court. The decision in that case cannot, therefore, be regarded as giving any construction to those sections.

In Salinger agt. Lusk, (7 *How. Pr. R.* 430,) it was held, that a plaintiff might in all cases demur to an answer for insufficiency. Some of the cases referred to in that case do not support the opinion there given.

Noxon agt. Bentley, (7 *How. Pr. R.* 316,) was argued in June, 1852, and the case does not show when the pleadings were put in; but the probability is, that they were put in before the amendments of the Code, in that year, were in force. There is, in that case, no allusion to sections 153 and 168, as amended in 1852.

In Bogardus agt. Parker, (7 *How. Pr. R.* 303,) it does not appear when the demurrer was put in. The defendant in that case did not object that the plaintiff could not demur, because the answer did not contain new matter constituting a counter-claim; on the contrary, he seems to have claimed that the new matter set up in the answer did constitute a counter-claim.

The cases collected in *Voorhies' Supplement, page* 93, as I understand them, show that the weight of authority is against a demurrer to an answer, unless the answer contains new matter constituting a counter-claim. And an examination of the history and object of the Code of Procedure and its various amendments, will, I believe, lead to the conclusion, that a demurrer to an answer not containing new matter constituting a counter-claim, is a nullity, on which no judgment can legally be given for either party.

Before the Code the pleadings in an action might be a declaration; as many pleas as the defendant chose to put in; a replication to each plea; a rejoinder to each replication; a sur-rejoinder to each rejoinder; a rebutter to each sur-rejoinder; a sur-rebutter to each rebutter; and a demurrer to each sur-rebutter. Although such pleadings were allowable, they seldom occurred in practice.

The 24th section of the 6th article of the constitution of 1846 made it the duty of the legislature at its first session, after the adoption of that constitution, to provide for the appointment of three commissioners, " whose duty it should be to review, reform, *simplify* and *abridge* the rules and practice,

pleadings, forms and proceedings of the courts of record of this state, &c." One object of the convention was, that pleadings should be simplified and abridged. This injunction in the constitution the legislature obeyed; and by the 8th section of chapter 59 of the Laws of 1847, appointed three "commissioners on practice and pleadings;" and it was made their duty "*to provide for the abolition of the present forms of actions and pleadings at common law,. &c.*" Old forms and rules of pleading were to be abolished, and new rules introduced. And under that enactment the commissioners went to work; and by section 118 of the Code of 1848, it was enacted as follows: "All the forms of pleadings heretofore existing are abolished; and that hereafter the forms of pleading in civil actions and the rules by which the sufficiency of pleadings is to be determined shall be those prescribed by this act." We must look, therefore, to the Code in order to ascertain what pleadings are authorized, and how their sufficiency is to be determined. By section 119 it was enacted, that the first pleading on the part of the plaintiff should be a *complaint;* and by section 121 it was enacted, that "the only pleading on the part of the defendant is either a demurrer or an answer." By section 131 it was enacted, that "when the answer shall contain new matter the plaintiff may within twenty days reply to it," &c. And by section 132 it was enacted, that "no other pleading shall be allowed, than the complaint, demurrer, answer and reply."

By the Code of 1848 the plaintiff was not allowed to demur to the answer under any circumstances. If it contained new matter he might reply, but not demur to it. If he believed the new matter in the answer did not constitute a defence, he might have a trial on the complaint and answer under section 130 of the Code of 1848. This gave to the plaintiff all the advantages of a demurrer *ore tenus.* This section was omitted in the Code of 1849.

By section 153 in the Code of 1849, when the answer contained new matter the plaintiff was authorized to reply to it, or he might *demur* to the *same* for insufficiency.

Myatt agt. The Saratoga County Mutual Insurance Company.

By section 153 of the Code of 1851, when the answer contained new matter *constituting a defence,* or set off, the plaintiff might reply to such new matter; and he might allege any new matter, not inconsistent with the complaint, constituting a defence to such new matter in the answer; or he might demur to the same.

But the legislature in 1852, supposing that section 153 was not entirely perfect, amended it, so that it is as follows: " When the answer contains new matter *constituting a counter-claim,* the plaintiff may within twenty days reply to such matter, denying generally, or specifically, each allegation controverted by him, or any knowledge or information thereof sufficient to form a belief; and he may allege, in odinary and concise language, without repetition, any new matter, not inconsistent with the complaint, constituting a defence to such new matter in the answer; or he may demur *to the same for insufficiency,* stating in his demurrer the ground thereof; and the plaintiff may demur to one or more of several counter-claims set up in the answer, and reply to the residue." This is the only section of the Code under which a plaintiff can now claim a right to reply, or demur to an answer. And, as I understand that section, so far as the question under consideration is concerned, it ought to be read as in *Voorhies' Supplement, page* 93.

The plaintiff has his election to reply or demur to an answer containing new matter constituting a counter-claim; and he must reply or demur to such answer, or every material allegation in it, constituting a counter-claim, will, by section 168, be held as admitted. That section shows the construction which ought to be given to section 153. By section 168 the allegation of new matter in the answer, *not relating to a counter-claim,* is to be deemed controverted by the adverse party, as upon a direct denial, or avoidance, as the case may require. New matter in an answer not relating to a counter-claim is put in ssue by section 168; the defendant must prove it on the trial; and the plaintiff may disprove it, or prove any new matter to overthrow it; or, if the defendant proves it, the plaintiff may insist that it does not constitute any defence. Under section

168 an answer stating new matter not constituting a counter-claim, has no other effect than a notice of special matter had under the former system of pleading.

By section 153, when the answer contains new matter constituting a counter-claim, the plaintiff may reply to such new matter, &c., or he may demur to *the same* for insufficiency; and the plaintiff may demur to one or more of several *counter-claims* set up in the answer, and reply to the residue.   If the answer contains but one counter-claim, the plaintiff may reply or demur to it.   If the answer contains several counter-claims, the plaintiff may demur to one or more of them, and reply to the residue. In Salinger agt. Lusk, the learned justice who decided that case held, that the word "*same,*" in section 153, referred to the answer, and not to the new matter constituting a counter-claim; and hence he came to the conclusion that a plaintiff might in all cases demur to an answer for insufficiency.   But it will probably be found difficult to state any difference between the new matter in answer constituting a counter-claim and the answer itself.   Suppose an answer contains new matter constituting one counter-claim; I wish to know the difference between the answer and the new matter, which not only constitutes the counter-claim, but constitutes the answer itself?   When an answer contains new matter constituting a counter-claim, the counter-claim is the answer, and the answer is the counter-claim.   There may be an answer which does not constitute a counter-claim; but there cannot be a counter-claim which is not an answer.  If the counter-claim be *insufficient*, the answer will be *insufficient*; and the plaintiff cannot demur to the answer, without demurring to the counter-claim, because they are identical.

Section 167 authorizes a plaintiff to unite several causes of action in one complaint, but they must be separately stated; and each of those separate statements, in legal effect, constitutes a complaint.   And section 151 authorizes a defendant to demur to one or more of several causes of action stated in the complaint, and answer the residue.   A demurrer to one of the causes of action stated in the complaint, is a demurrer to that

part of the complaint in which the cause of action demurred to is stated.

Section 150 authorizes a defendant to set forth by answer as many defences and counter-claims as he may have—they must each be separately stated. This is nothing more than authorizing a defendant to put in as many answers as he pleases. And, as has already been stated, the plaintiff by section 153 is authorized " to demur to one or more counter-claims set up in the answer, and reply to the residue." It can not be denied that this latter clause of section 153 gives to a plaintiff a right to demur, or reply only to counter-claims ; or, in other words, to such parts of the answer as contain one or more counter-claims. And this seems to furnish a decisive argument, that the right, before given in the same section, to demur, must be limited to a counter-claim. If the former part of the section gives to a plaintiff a right, in all cases, to demur to an answer for insufficiency, for what purpose was the last clause added ? One rule in the construction of a statute is, that the " whole be so construed, that if it can be prevented, no clause, section or word shall be superfluous, void or insignificant." (1 *Show.* 108.) Apply that rule to section 153, and how is it to be construed ? The first part of the section applies to an answer, which contains new matter, constituting a, or one, counter-claim ; and then the plaintiff may reply to such new matter, which is the answer ; or he may demur to the same for *insufficiency.* And the last part of the section provides for the case, where the answer contains several counter-claims; and then the plaintiff may demur to one or more of the counter-claims, and reply to the residue. Or, in other words, he may demur to one or more of the parts of the answer containing counter-claims, and reply to the residue. Each counter-claim must be regarded as a separate answer.

A defendant, by section 150, may set forth, by answer, as many defences and counter-claims as he may have. Suppose he set forth six distinct defences ; each of three of them consists of new matter, constituting a counter-claim ; and each of the other three of new matter not constituting a counter-claim :

may the plaintiff, by virtue of section 153, reply, or demur to each of the six defences? If the answer contains several counter-claims, each counter-claim must constitute a sufficient defence to the action, or to some part of it; or it may be demurred to for insufficiency. If the counter-claim constitute a good defence to the action, or to any part of it, then it must be replied to; or the new matter alleged therein will, by section 168, be regarded as admitted. But, if the new matter in the answer does not constitute a counter-claim, then, by the section last cited, neither a demurrer nor reply is necessary. Because, by that section, such new matter is put in issue, and that is an issue of fact; which, while it is on the record, each party has a right to insist shall be tried by a jury. It cannot be disposed of on a demurrer. No judgment which the court can legally give on a demurrer, will take from a defendant the right to have the issue of fact, created by § 168, tried by a jury. A judgment for the plaintiff on a demurrer, to an answer containing new matter not constituting a counter-claim, does not authorize the court to order the answer to be struck out: it will remain on the record as an issue of fact to be tried. It may be asked, what remedy the plaintiff has when an answer contains new matter not constituting a counter-claim, and he believes such new matter does not constitute a defence? He may have a perfect remedy on a motion to strike out the new matter, and that remedy may be had in less time, and at less expense, than on a demurrer, even if a demurrer were allowable. New matter, which does not constitute a defence, must be either redundant or irrelevant matter. If the whole answer consists of new matter, not constituting a defence, then the plaintiff has a remedy by moving for judgment under section 247 of the Code: and if the plaintiff has doubt whether the new matter constitutes a defence, he can suffer the issue to be tried, and if found against him, he may then move for judgment, notwithstanding the verdict.

Although in Salinger agt. Lusk, (7 *How. Pr. Rep.* 439,) justice BARCULO held, that " an answer of this kind could not be got rid of, except by demurrer;" yet, the same learned judge,

Myatt agt. The Saratoga County Mutual Insurance Company.

in Fox agt. Hunt, (8 *How. Pr. R.* 12,) said, that he "held it to be the correct practice at the circuit to lay out of the case all irrelevant allegations or the immaterial issues contained in the pleadings, and hold the parties to trial upon the material issues or points in the case; and if the complaint does not contain a good cause of action, or the answer does not contain *a defence*, I direct judgment accordingly."

This shows that the very distinguished judge had discovered how an immaterial answer could be disposed of otherwise than upon a demurrer. If this practice be the correct one—as I have no doubt it is—it shows that a demurrer to an answer, containing new matter not constituting a counter-claim, is wholly unnecessary and useless. The plaintiff, without putting in a reply, or a demurrer upon the record, may, upon the trial, have all the advantage of both a reply and a demurrer.

As the legislature has, in terms, given to a plaintiff a right to reply, or demur to an answer containing new matter constituting a counter-claim; and as to answers containing new matter not constituting a counter-claim, have given to him, without a reply or a demurrer, all the benefit he could have by both or either of them, I cannot believe that the plaintiff has any more right to reply or demur to an answer not constituting a counter-claim, than a plaintiff under the old practice had to reply or demur to a notice of special matter given with the general issue.

In Wisner agt. Teed and others, (9 *How. Pr. R.* 143,) WELLES, Justice, held that a plaintiff might demur to an answer containing new matter not constituting a counter-claim; and that learned judge seems to have rested his opinion on section 154 of the Code. That section, in the Code of 1851, was in perfect harmony with sections 153 and 168. But, in 1852, sections 153 and 168 were amended, and section 154 left as it was in 1851. And full effect cannot now be given to that section consistently with section 168; and when they conflict with each other, the latter must prevail. By section 154, "If the answer contain a statement of new matter constituting a defence, and the plaintiff fail to reply or demur thereto, &c., the defendant may move,

on a notice of not less than ten days, for such judgment as he is entitled to on such statement," &c. But can a defendant now successfully make any such motion, unless the matter in the answer constitute a counter-claim? Would not section 168 furnish a perfect answer to any such motion? Say an answer contains new matter *constituting a defence,* but not a counter-claim, the plaintiff neglects to reply, and the defendant moves, under section 154, for judgment, would not the plaintiff defeat the motion by reading a part of section 168, as follows: " But the allegation of new matter in the answer, not relating to a counter-claim, &c., is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require?" This part of the section puts the new matter in the answer, not relating to a counter-claim, in issue without a reply; and being put in issue without a reply, the defendant could not be entitled to judgment under section 154. That section is a dead letter unless confined to answers containing new matter constituting a counter-claim. When an answer contains such new matter, and the plaintiff neglects to reply or demur, then the defendant may move for judgment under section 154; because, by section 168, every material allegation of new matter in an answer constituting a counter-claim, not controverted by the reply, as prescribed in section 153, shall, for the purpose of the action, be taken as true. Section 154 must now be understood as if the word *defence* in the second line was *counter-claim,* and if so understood, it will furnish no support to the opinion in Wisner agt. Teed.

The only argument, in favor of allowing a plaintiff to demur to an answer containing new matter not constituting a counter-claim, is, that the plaintiff ought to have an opportunity of testing the validity of the answer before the trial. But is there any force in this argument? The plaintiff and his counsel can see what new matter is alleged in the answer, and the plaintiff will know whether it is true or false; and he can be prepared to explain, or disprove it, as well without a right to reply to it as with such right. And the plaintiff's counsel will have as much time to examine the new matter alleged, and ascertain

whether, if proved, it will constitute a defence, as he would have on a demurrer. And if after examination he is of opinion that the new matter, if proved, will not constitute a defence, he will object to the evidence offered to prove the special matter, and that will present to the court a question as to the admissibility of the evidence.

Questions of like character are raised on almost every litigated trial. If the opinion of the court be against him, he will except and appeal; and the rights of parties will be decided in this way with more expedition, and less expense, than on a demurrer.

I am, therefore, of opinion, that the demurrer in this case is a nullity, and that no judgment can be entered thereon for either party.