By the Court.—Sedgwick, J.
The action was for a tort. The answer, after a general denial, except as to admissions thereinafter specifically made, in further answering made several allegations, and ended by alleging “that there is now due, owing, and unpaid by this plaintiff, the defendant therein, to this defendant the plaintiff therein, the balance of the said judgment recovered as aforesaid of one hundred and fifty-two dollars, and interest thereon from the 4th day of August, 1874, which said sum, so due, this defendant, recoups, offsets, and counter-claims against any claim this plaintiff may demand, by reason of the allegation in the complaint herein, and all which facts this defendant pleads and shows to this court in mitigation of any damages the plaintiff may claim herein.” The answer demanded j udgment that the complaint be dismissed, and that the defendant have judgment in the said sum of one hundred and fifty-two dollars, and interest.
The plaintiff demurred “to the counter-claim set forth in the answer of the above named defendant, on the ground that the same does not state facts sufficient to constitute a defense to the plaintiff’s complaint.”
The court at special term “ ordered that said demurrer be overruled, with costs, but without prejudice to the right of plaintiff to move that the defences herein be made more definite and certain, upon payment by said plaintiff to defendant of the costs of the demurrer.”
By the former practice, demurrer contained the general or special ground of objection, and the demurring party was held to the ground as stated (1 Chitty's Pl. 666-7). It is true that the code does not *355 require that a demurrer to an answer or reply, should contain a special ground of objection, and a demurrer stating “that the answer is insufficient,” allows the plaintiff to avail himself of any insufficiency which goes to the merits of the action (Arthur v. Brooks, 14 Barb. 535). Without deciding that a demurrer, stating that the plaintiff demurs to the answer, would not also be sufficient, it is clear that the present demurrer, by its form, notifies the defendant that the objections are not of a general nature, but confined to the special ground stated. If any other ground may be examined on the trial of the issue of law, the opposite party will be misled. Therefore, the order below must be examined upon the nature of the special ground of demurrer stated, viz., that the counter-claim did not state facts sufficient to constitute a defense. The code distinguishes between a defense and a counter-claim. It it is not necessary or admissible that a counter-claim contain facts sufficient to make a defense. It was impossible, therefore, for the court to make any other order than the one appealed from. It was not then or now necessary to look into the answer to see if the matters which it attempted to use as an offset, recoupment, counter-claim, and in mitigation of damage, set up a sufficient defense, in whole or in part.
If the court below had sustained the demurrer, then, so far as the record disclosed, it would appear that the court had examined whether the matters set up partly on a counter-claim constituted a defense, and had found as matter of law that they did not, and on the trial it might be plausibly urged that such adjudication was final for the purposes of the action.
Whatever embarrassment there is to the plaintiff, comes from the irregular and informal atttempt to make one set of allegations in an answer serve the purpose of a defense and counter-claim. The court below preserved the rights of the plaintiff, by reserving to her *356 leave to move to make the answer definite and certain, and no doubt, irrespective of this leave, the plaintiff had the right to move in addition, under section 150 of the code, that the defense and the counter-claim be separately stated. Until this was done, it is doubtful whether the court could examine the sufficiency of the matters pleaded to constitute a counter-claim, but it would be clearly wrong to say that allegations did not constitute a counter-claim, because they were not sufficient as a defense.
The appellant also objects that leave was not given below to serve a reply. This was not erroneous, at least unless the plaintiff asked for such a provision, and by the papers before us it does not appear that she did. But, while thinking that the court below was right in its action, I should be willing that the order be modified so as to allow the plaintiff to reply, upon payment of costs of demurrer and of appeal, if it were possible, which it seems me it is not, to wholly affirm, and yet modify the order.
The order below should be affirmed, with costs.
Speir, J., concurred.