Sherman D. Phelps, Respondent, *v.* John Vischer, Executor, etc., Appellant.

Where one indorses a promissory note payable to another or order, prior to its delivery to the payee, in the absence of proof that he indorsed with intent to become surety for the maker to the payee, the legal presumption is that he stands in the position of subsequent indorsor; and the payee can neither maintain an action upon the indorsement, nor can he transfer a right of action thereon to a purchaser with notice, except upon assuming the responsibility of first indorser.

A general finding of a referee, like a general verdict, is controlled by a special finding of fact.

(Argued June 12, 1872; decided June 20, 1872.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, reversing a judgment in favor of defendant entered upon the report of a referee and ordering a new trial.

The action was brought upon a promissory note made by Scudder & Redfield, dated May 15, 1867, payable to the order of James E. Brown, and before delivery to Brown, indorsed by Solomon Bennet, defendant's testator. Before the note fell due Brown transferred the note to·one Hine, and Hine transferred it to plaintiff absolutely, without condition, before due, for value paid at the time in money.

At the time of the transfer to the plaintiff the note had on it the following indorsement of Brown written above Bennet's indorsement:

" For the purpose of making this note negotiable I indorse the same, payable to the order of Solomon Bennet, without recourse to me as indorser.

" JAMES E. BROWN."

The referee found " that, at the time of such transfer to the plaintiff, he knew nothing of any defence to the note." Also, " that said plaintiff had notice, before he purchased the note, that the indorsements made by the said Brown upon the note were made after it passed into the hands of Brown, with Bennet's indorsement upon it," and decided that the plaintiff could not recover.

Judgment was entered, upon the report of the referee, in favor of the defendant. Further facts appear in the opinion.

*Amasa J. Parker* for the appellant. Plaintiff could not recover without showing that defendant's testator indorsed the note with intent to become surety for the payee to the maker. (*Herrick* v. *Camean*, 12 J., 159 ; *Moore* v. *Cross*, 19 N. Y., 230.) The legal presumption, upon the face of the paper, is that defendant only assumed the liability of second indorser. (*Tillman* v. *Whalen*, 17 J., 326, 329.) The payee not having assumed the responsibility of first indorser, defendant is not liable. (*Bacon* v. *Burnham*, 37 N. Y., 614.)

*G. W. Hotchkiss* for the respondent. The note having been delivered to Brown, the payee, indorsed by defendant, Brown had the right to treat defendant as surety, and to indorse the note without recourse. (*Moore* v. *Cross*, 19 N. Y., 227 ; *Hall* v. *Newcomb*, 7 Hill, 416 ; *Essex Co.* v. *Edwards*, 12 Gray, 273 ; *Beckwith* v. *Angell*, 6 Cow., 315 ; *Blatchford* v. *Miliken*, 35 Ill., 439 ; *Richards* v. *Warring*, 1 Keyes, 576 ; *Cromwell* v. *Birdsall*, 40 N. Y., 491 ; *Griswold* v. *Robinson*, 10 Barb., 462 ; *Penny, survivor, etc.*, v. *Innes*, 1 C. M. & R., 439 ; *Dean* v. *Hall*, 17 Wend., 214 ; *Waterbury* v. *Sinclair*, 23 Barb., 455.) Plaintiff is entitled to recover as a purchaser in good faith. (*Magee* v. *Badger*, 34 N. Y., 249 ; *Steenhart* v. *Boker*, 34 Barb., 443 ; 1 Par. on Notes, etc., 288 ; *Griggs*

v. *Howe*, 2 Keyes, 581; *M. Bank of W.* v. *Foster*, 44 Barb., 90.)

Grover, J. The order of the General Term does not state that it was made upon any error of fact. It must, therefore, be assumed by this court that the judgment was reversed and a new trial granted upon legal errors only. An exception was taken by the respondent to the finding by the referee of the fact that the plaintiff had notice, before he purchased the note, that the indorsements made by Brown upon the note were made after it had passed into the hands of Brown with Bennet's indorsement upon it. This exception raises the question in this court whether there was any evidence in support of the finding. The plaintiff, in his testimony, speaking of these indorsements, says: " I can't say when they were put on; it was done, that is, both of these instruments, signed by Brown, during the negotiation of the sale of the note to me. Hine brought all the notes to me to sell them to me." The witness had before testified that he purchased several other notes of Hine at the same time he bought this. Other testimony shows that Bennet's indorsement was put upon the note a long time before the purchase by the plaintiff. It follows that when the plaintiff first saw the note it had been indorsed by Bennet and not by Brown. This sustained the material part of the finding. Whether the note had been in Brown's hands was not material; but if so, that fact might be inferred from the testimony. This brings us to the real question in the case, which is whether the legal conclusion of the referee, from the facts found, that the plaintiff was not entitled to recover against Bennet, was correct. The substance of the facts so found is that Scudder & Redfield made the note in suit payable to the order of James E. Brown, and, after being indorsed by the defendant Bennet, was by them delivered to Brown the payee. That the note, before maturity, was transferred by Brown to one Hine; and by Hine, before due, transferred to the plaintiff absolutely, without condition for a valuable consideration. That at the time of

the transfer to the plaintiff he knew nothing of any defence
to the note; and that it then had on it, in addition to the
indorsement of Bennet, the following indorsement, made by
Brown, written above the indorsement of Bennet, viz. : "For
the purpose of making this note negotiable I indorse the same,
payable to the order of Solomon Bennet, without recourse to
me as indorser;" and the following, written below the indorse-
ment of Bennet: "For value received of Isaac N. Hine I
hereby guarantee to the said Hine, or bearer, the collection
of the within note of the makers, and Bennet, the indorser,"
signed by Brown. That the plaintiff had notice, before he
purchased the note, that the indorsement made by Brown
upon the note was made after it had passed into the hands
of Brown with Bennet's indorsement upon it. There would,
at first view, appear to be an inconsistency between the find-
ing that the plaintiff, at the time of his purchase, knew of no
defence to the note, and the one in substance, that he did, at
that time, know that the note, after being made and indorsed
by Bennet, was, by the maker, delivered to Brown, who, after
that, made his indorsements upon the note, provided the
latter finding constituted a defence for Bennet upon the note,
as held by the referee. Be this as it may, full effect must be
given to this latter finding upon the same principle that a
general verdict is controlled by a special finding of fact.
From this finding it appears that the plaintiff did know that
the note had been indorsed by Bennet before Brown made
the special indorsement thereon. This presents the questions
whether Brown, had he retained the note, could have recovered
against Bennet as indorser; and if not, whether he could
transfer any such right to a purchaser from him. In *Herrick*
v. *Carman* (12 Johnson, 159) it was held that the payee of a
note, made payable to his order, and indorsed by a third
person previous to its delivery to the payee, could not recover
against such indorser; that the face of the paper showed that
the payee occupied the position of first indorser as to the
one previously indorsing, and could not, therefore, be per-
mitted to recover against one in the position as to him of

second indorser. In *Herrick* v. *Carman* (10 John., 224) it was held, upon a like note, that the party who had so indorsed might, in an action against him by an indorser of the payee, show that the plaintiff held the note as agent of the payee; and that this fact would defeat a recovery for the reason that the payee, as to the defendant, stood in the position of first indorser, and could not therefore recover of him. In *Tillman* v. *Wheeler* (17 John., 325) the same rule was held and applied in deciding the case. It may be remarked that in each of these cases it appeared that the payees received the notes from the makers for value, pursuant to an agreement by the maker to give notes with an indorser; but it was held that this fact was of no avail to the plaintiffs, unless it was further proved that the person indorsing did so with intent to become surety for the makers to the payees. It is clear that a party having no right of action upon a note himself can transfer none to another knowing all the facts. In the present case the plaintiff not only himself knew the facts, but the case shows that they were also known to Hine, of whom he purchased the note. In *Moore* v. *Cross* (19 N. Y., 227) the doctrine of the above cases was approved; and it was further held that in case the payee of a note, indorsed by a third person before delivery to him, averred and proved that it was the intention of the indorser to become surety of the maker to him upon the note, and that he indorsed the same for that purpose, he could maintain an action and recover upon such indorsement. There is no intimation that the action could be maintained in the absence of such proof. In *Bacon* v. *Burnham* (37 N. Y., 614) it was held, that where a person indorsed a note, payable to another or order, the legal presumption was, from the face of the paper, that he stands in the position of a subsequent indorser to the payee; and that in the absence of proof, showing him in a different position, the payee could not recover against him; and further, that the payee having no right of action, none could be acquired by transfer from him. This is decisive of the present case. The counsel for the respondent invokes the

rule that the right of a purchaser of negotiable paper is not impaired unless he has such knowledge of the equities between the original parties as to make his purchase dishonest. It is obvious that this does not include defences apparent upon the face of the paper, but such only as are dependent upon the proof of other facts. In the present case the plaintiff knew that Brown had not indorsed the paper without recourse to Bennet, but that the latter had indorsed it, payable to the order of Brown. The plaintiff must be assumed to have known that, in the absence of proof that Bennet indorsed with the intention of becoming security for the makers to Brown, Brown could maintain no action against him upon the indorsement, and, having no such right himself, could not transfer it to another except upon assuming the responsibilty of first indorser as to him; that the transfer of the note by Brown otherwise was a fraud upon Bennet. Had the plaintiff purchased the note of Hine without the knowledge that Bennet first indorsed the note, and that Brown's indorsement was made thereafter, the case would have come within the rule insisted upon by counsel. The plaintiff, in the absence of such knowledge, might have supposed that Brown first specially indorsed the note to Bennet, and that he subsequently indorsed; and that Brown's guaranty was made still later, upon some other arrangement. Under such circumstances the plaintiff would have been a *bona fide* holder. The cases cited by counsel, where notes, not negotiable, were indorsed before delivery, have no application. But in these it was proved that the indorsements were made with the intention of becoming security for the makers to the payee. In *Dean* v. *Hall* (17 Wend., 214), where it was held that the indorser could only be made liable when properly charged as such, and not as maker, the additional views found in the opinion are entirely predicated upon the assumed fact that the indorser put his name on the back at the time the note was made, according to a promise to become originally and directly responsible, or was privy to the consideration of the note. *Penny* v. *Innes* (1 Cromp-

ton, Meeson & Roscoe, 439), cited by counsel, was a case upon an indorsement of a bill of exchange, and the indorser was held liable upon the ground that the indorsement was equivalent to the drawing of a new bill by the indorser upon the drawee. If this be so the judgment was correct, as the drawer of a bill is liable to the payee unless it is paid by the drawer, and the proper steps are taken to charge him. This case has been criticised. (See *Gwinnell* v. *Herbert*, 5 A. & E., 436.) But it is unnecessary to determine in this case whether the point was well decided or not, as the reason of the decision has no application to the indorsement of a note payable to the order of the payee. As we have seen already, the law is settled in this State that such an indorser is not liable to the payee upon the face of the paper, and can only be made so by proof, showing that he indorsed with intent of becoming so liable. Bennet could not be made liable as the maker of a new note, but only as indorser. (*Hall* v. *Newcomb*, 3 Hill, 233; same case in error, 7 Hill, 416; *Brown* v. *Curtiss*, 2 N. Y., 225.)

The judge at General Term fell into the error of supposing that the facts set out in the complaint, bringing the case within the principle of *Moore* v. *Cross*, were admitted in the answer. The answer explicitly denies that the defendant Bennet indorsed with intent to become liable as surety to the payee.

The order of the General Term must be reversed, and the judgment entered upon the report of the referee affirmed, with costs.

All concur, except RAPALLO, J., not voting.

Order reversed and judgment accordingly.