By the Court.—Sedgwick, J.
The Brady’s Bend Iron Company, a Pennsylvania' corporation, drew in that State two bills upon its treasurer in Hew York. The treasurer accepted here the bills in the name of the company, payable at the American Exchange Bank of Hew York. ” The defendant endorsed these bills. The superintendent of the company then offered these bills for discount to the plaintiff in Pittsburg. The plaintiff discounted the bills, and passed the amount to the credit of the company’s account with it.
The presumption as to negotiable instruments of this kind is that the making and the transfers were for legal and sufficient consideration. The law presumes primarily that the acceptance was for value, and that the de *538 fendantj as endorser, transferred that acceptance. I do not understand that on the trial or on the appeal the appellant took the position that the evidence showed that the bills had not taken their usual course, but that being after endorsement discounted for the company,
, the usual presumption was not applicable, but that the presumption was that it was made and endorsed for the purpose of raising money, and that the company had accepted without consideration, and the defendant had endorsed for its accommodation (Fielden v. Lahen, 6 Abb. N. S. 341; Phelps v. Vischer, 50 N. Y. 69). ¡No-direct evidence was given as to the circumstances of the defendant’s endorsement. IF or was the learned judge below asked to make any .finding of fact in respect of this point. ¡Nor did the defendant claim anything except upon the 'character of the discounting by the plaintiff. We have therefore to presume that the defendant had a cause of action for the face of the bill against the company. If he had, the plaintiff had legal power to purchase that cause of action for any sum, and such a purchase could not be in violation of the Brady’s Bend Iron Company’s charter, which forbade that company to borrow money at a rate greater than six percent per annum.
If we should take any other view of this case, it would be upon proposition not mooted here or in the court below.
The judgment should be affirmed, with costs to respondent.
Monell and Curtis, JJ., concurred.