ANDREW BRITT, RESPONDENT, *v.* LUCIUS LAWSON, IMPLEADED, ETC., APPELLANT.

*One who indorses a negotiable note before delivery, liable as an indorser — Joint and several note — demand must be made of each maker.*

In order to charge the indorser of a joint and several note, the makers not being partners, a demand must be made of each maker.

The fact that one of the makers is the principal debtor, and the others sureties, does not authorize a demand to be made against the principal debtor alone, unless the relation of the makers to each other appears on the face of the paper, or the indorser is proved to have had knowledge of it.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court.

The action was brought upon a joint and several note, signed by three persons, payable to the plaintiff or bearer, with interest, on demand, and indorsed by the defendant Lawson before delivery.

The principal question was, whether a demand upon one of the makers was sufficient to charge the indorser, such maker being the principal debtor.

*Lounsbery & Childs*, for the appellant.

*George Van Etten*, for the respondent.

LEARNED, P. J.:

The defendant is to be made liable as indorser. (*Hall* v. *Newcomb*, 7 Hill, 416; *Phelps* v. *Vischer*, 50 N. Y., 75.) The case was tried on that theory.

There were three makers of the note, and it is proved that demand was made of only one. The defendant insisted that this was insufficient; the court held that it was sufficient, because this one was the principal debtor; and as it was the several note of each, and the defendant was the indorser to each, therefore the demand was good.

This note was joint and several. (Edwards on Bills, 682.) In *Union Bank* v. *Willis* (8 Metc., 504), it is held that where there were two joint and several promisors (for such the parties were held in that case, see pp. 511, 512), who were not partners, a demand must be made on both, in order to charge the indorser. This case is approved, and the same rule is laid down in *Gates* v. *Beecher* (60 N. Y., 518, p. 523). The question, then, must be whether this case is taken out of that rule by the fact (stated by the learned justice) that the person of whom the demand was made was the principal, and the other makers were sureties. Nothing of this kind appears on the note; nor is there any evidence that the defendant knew of this fact before the time when notice of demand was served on him. And, at least, in the absence of such knowledge, the defendant may insist that the makers shall be treated as joint and several principals; such as they appear to be on the note itself. It seems to us, then, that a sufficient demand was not shown. Did, then, the indorser, with knowledge of the facts by which he was discharged, subsequently promise to pay? (Edwards on Bills, 651.)

The defendant says that when he was served with the notice of

non-payment, he told the plaintiff he had not been liable on the note for a long time; that he afterwards said to the plaintiff's counsel, that if he was liable he would sue the makers the next day. Previous to the time of the service of notice of non-payment, the defendant had a conversation with the plaintiff, in which he said he was not holden. But this could not be a waiver. The learned justice held that the defendant was liable on his own statement.

The testimony of the plaintiff is that, when he served the notice, the defendant said he "proposed" (*i. e.*, supposed) he was not liable. The plaintiff's counsel testifies that he had an interview with the defendant, in which the defendant told him that he thought he was not liable on the note at the first, but found out he was; and also that, in another interview, he said: "As far as I am concerned, I will make no defense to the note; but if I have to pay it, I will pay it."

This is the substance of the evidence as to promises by the defendant to pay. It will be seen that the promises to the plaintiff and those to his counsel were not made with knowledge that the defendant had been discharged. On the contrary, these promises were made in the belief or on the assumption that he was liable legally. He did not, therefore, waive a defense which he did not know that he possessed. Even if there was enough to go to the jury, with proper instructions, we do not think it could be held that the defendant was clearly liable on his own statement, as was laid down by the court; nor do we think that a verdict should have been directed for the plaintiff.

Some other questions are presented which we need not consider.

The judgment should be reversed and a new trial granted, costs to abide the event.

Present—LEARNED. P. J., BOARDMAN and TAPPAN, JJ.

Judgment reversed; new trial granted; costs to abide event.