### WYCKOFF et al. v. WILSON et al.

*(Common Pleas of New York City and County, General Term. February 2, 1891.)*

PROMISSORY NOTE—ACTION AGAINST INDORSER.

    The complaint in an action on a note, by the payees against an indorser, alleged that he had assumed the responsibility of indorser as to them; but the only evidence was that, in an interview with one of the payees after maturity of the note, such indorser, when requested to pay, remained silent, and did not dispute his liability. *Held*, that this would not sustain a verdict against him.

Appeal from trial term.

Action by John N. Wyckoff and Frank R. Wyckoff against Egbert R. Middlebrook and Lemuel H. Wilson. Defendant Wilson alone answered the complaint, and he appeals from a judgment of the general term of the city court affirming a judgment of that court for plaintiffs, and affirming an order denying a motion for a new trial. For former report, see 9 N. Y. Supp. 628.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Charles E. Wilson*, for appellant. *Benjamin Estes*, for respondents.

PER CURIAM. This action was brought to recover upon a promissory note as follows: "NEW YORK, August 12th, 1889. Two months after date I promise to pay to the order of Wyckoff Bros. two hundred dollars at the Sprague National Bank, Brooklyn, value received. [Signed] E. R. MIDDLEBROOK." The note was indorsed by the defendant Wilson. The legal presumption

predicated upon the note only is that Wyckoff Bros. were indorsers prior to Wilson; and hence an action by the former against the latter was not maintainable without appropriate allegations in the complaint, and sustained by sufficient proof upon the trial, that the defendant Wilson was privy to the consideration for which the note was given, and assumed the responsibility of indorser to the payees. See *Meyer* v. *Hibsher*, 47 N.Y. 265; *Phelps* v. *Vischer*, 50 N. Y. 69. The allegations of the complaint were sufficient for the purpose of charging the defendant Wilson, but the record of this appeal fails to disclose any evidence in support of those allegations. Indeed, the only fact relied upon by the plaintiffs to support the claim that the defendant Wilson had assumed the character of an indorser towards them was that in an interview between him and John N. Wyckoff, one of the plaintiffs, subsequent to the maturity of the note, Wilson remained silent when requested to pay, and did not dispute his liability. Silence, under some circumstances, may be proof of acquiescence and consent; but silence only can never assume the dignity of proof of an antecedent agreement, founded upon sufficient consideration, by means of which the liability of the person of whom a recovery is sought was created. We are therefore of the opinion that the exceptions of the defendant to the rulings of the trial justice were well taken, and that the judgment and order appealed from should be reversed. Judgment and order appealed from reversed, and new trial ordered, and costs to abide the event.