<sup></sup>HAND *v.* SOCIETY FOR SAVINGS OF CLEVELAND.

*(City Court of New York, General Term.* March 10, 1892.)

1. APPEAL—REVIEW—QUESTIONS OF FACT.
   If the case omits the statement that it contains all the evidence, no questions of fact will be reviewed, but only questions of law.

2. CITY COURT OF NEW YORK—JURISDICTION—FOREIGN CORPORATIONS.
   The city court of New York has jurisdiction of actions by residents or domestic corporations against foreign corporations for every cause of action over which it has jurisdiction against residents or domestic corporations. This broad jurisdiction was not possessed under section 427 of the old Code, but was acquired under section 1780 of the new Code.

3. FOREIGN CORPORATIONS—ACTIONS AGAINST—PLEADING.
   In an action brought for breach of a contract made without this state, against a foreign corporation, the plaintiff need not allege his residence. A complaint which sets forth in full such contract, not under seal, and alleges that the same was made and executed by defendant, is good, even though the contract does not recite that it is made by defendant, and is simply signed, "S. H. Mather, Prest.;" for, under such pleading, it may be shown that the person so signing is the president of defendant, and executed the same with the authority of and for the defendant corporation.

*(Syllabus by the Court.)*

Appeal from trial term.

Action by Ellwood S. Hand against the Society for Savings of Cleveland. From a judgment entered on a verdict for plaintiff, and from an order denying defendant's motion to vacate an attachment, defendant appeals.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

W. M. Safford, for appellant. Chas. De Hart Brower, for respondent.

VAN WYCK, J. This action is for the recovery of damages for breach of a contract made at Cleveland, Ohio. The complaint sets out in full the contract, which does not recite that it was made by the defendant corporation, and is signed simply "S. H. Mather, Prest." Nowhere in the appeal-book is found a statement that it contains all of the evidence, and our appellate authority, following *Aldridge* v. *Aldridge*, 120 N. Y. 616, 24 N. E. Rep. 1022, has held in *Claflin* v. *Flack*, (Com. Pl. N. Y.) 13 N. Y. Supp. 270, Judge PRYOR writing, that, if the case omits the statement that it contains all the evidence, then they are precluded from inquiring into the facts by the presumption, in support of the judgment, that the proof was sufficient to carry the case to the jury and to warrant the verdict. This general term, in obedience to the rule of practice as laid down in the *Aldridge Case*, will not consider or discuss the facts, in the absence of such a statement. The court of appeals in the *Aldridge Case* says: "This rule does not exist in the Code, but is so well established that a respondent may rely upon it; and, after a case has been made in a manner appropriate only for a review of questions of law, to reverse a judgment upon the facts would be an injustice to the respondent, who has a right to rely upon the court enforcing the rule it has announced for the guidance of litigants." Hence we must assume that every fact was proved on the trial which was necessary to justify the verdict, and shall now consider only questions of law which are up for review. Appellant's objection to the complaint for its insufficiency was raised at trial, and such objection was then properly impressed upon the record, and the same will now be considered as if a demurrer to the complaint upon the grounds of want of jurisdiction, and that it does not state facts sufficient to constitute a cause of action.

First, as to jurisdiction. At common law, in the absence of a statute, corporations organized under the laws of one state could not be sued in the courts of another state. This was upon the theory that they were artificial beings, having no existence, or being beyond the jurisdiction creating them. Of course, this did not apply where the action was in the nature of an action *in rem*. However, statutes were passed giving certain courts, under certain circumstances, jurisdiction against foreign corporations; and such is section 427 of the old Code, which gave the supreme court and the superior court and court of common pleas of New York city jurisdiction of actions by a resident against foreign corporations for any cause of action; and, under section 1780 of the new Code, this jurisdiction is extended to the city court of New York; but before this the marine court and the city court of New York had jurisdiction over foreign corporations as to some causes of action. In the absence of any allegation in the complaint that the plaintiff is a non-resident of the state, and therefore disqualified to sue a foreign corporation by reason of section 1780 of the Code, such non-residency will not be assumed in support of a demurrer, on the ground of want of plaintiff's capacity to sue. *Leslie* v. *Lorillard*, 18 Wkly. Dig. 288. Now, as to whether the complaint states facts sufficient to constitute a cause of action. The defendant's contention is that, as the complaint sets forth in full a contract which did not recite that the defendant made it, and was simply signed, "S. H. Mather, Prest.," therefore the allegation that defendant made and executed the contract was not enough, but that it should have been further alleged that S. H. Mather was the president of defendant, and had executed the same by authority of and for defendant. Where a contract is in writing or by parol, (not under seal,) in the name of the agent and within his authority, the principal can enforce the same, and is liable thereon; but a different rule prevails as to sealed instruments. *Nicoll* v. *Burke*, 78 N. Y. 580. The contract set out in the complaint was not under seal, and the allegation that the defendant made and executed the contract, when it appears to have been signed by another party, necessarily includes the allegation that such other party was duly authorized

to make the contract in behalf of the defendant; and under it proof can be given, and would be requisite, to establish that it was in fact the contract of the defendant, by proving the authority of "S. H. Mather, Prest.," to make the contract in defendant's behalf. *Moore* v. *McClure*, 8 Hun, 557. He who acts through another acts himself, and an allegation that he acts himself is good pleading, where he acts through another, and permits of proof of the authority of the latter. It is conceded that the same questions are involved in the consideration of the appeal from the order refusing to vacate the attachment. The judgment and order appealed from are affirmed, with costs. All concur.