(4 Misc. Rep. 83.)

### BORNSTEIN v. KAUFFMAN.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. NEGOTIABLE INSTRUMENTS—LIABILITY OF INDORSER.

   Indorser of note to order of payee, indorsed by payee and delivered to a third person, is not liable to such person, on the indorsement, without proof that it was made to give the maker credit with the payee.

2. SAME—EVIDENCE.

   Admission of the indorsement, and promise to discharge the liability on it, is not equivalent to such proof, because a promise only to discharge the legal liability apparent on the paper. 22 N. Y. Supp. 693, reversed.

(Syllabus by the Court.)

Appeal from city court, general term.

Action on a promissory note by Henry J. Bornstein against Mordecai S. Kauffman. A judgment for plaintiff, entered on a verdict by direction of the court, was affirmed at the general term of the city court, (22 N. Y. Supp. 693,) and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Louis Steckler, for appellant.

George B. Stoddart, (Allen M. Stoddart, of counsel,) for respondent.

PRYOR, J. The action is on a note made by Harriet Edwards to the order of Annie Allen, indorsed by the defendant and delivered to Allen, and then indorsed and delivered by Allen to the plaintiff. Since Herrick v. Carman, 12 Johns. 159, it has been the law of New York that upon the relations of the parties as they appear on this paper, without more, the plaintiff cannot recover against the defendant. Moore v. Cross, 19 N. Y. 227; Bacon v. Burnham, 37 N. Y. 614; Phelps v. Vischer, 50 N. Y. 69; Coulter v. Richmond, 59 N. Y. 478; Wyckoff v. Wilson, (Com. Pl. N. Y.)

13 N. Y. Supp. 270. But that, upon plea and proof of the intention of the defendant to give the maker credit with the payee, he may be held as prior indorser, is an undeniable proposition. Cases supra. The complaint contains no allegation to fix the defendant with liability as first indorser, but evidence for that purpose was received without available objection; and we are to determine whether it suffices to warrant an inference that the defendant intended to become surety for the maker, in favor of the payee. Before accepting the note the plaintiff called upon the defendant, showed him the note, and asked him, "Is this your indorsement?" The defendant replied, "Yes, sir; it is my indorsement;" to which the plaintiff responded, "The party that has the note wants me to take it as money, and, if I take it, will it be all right?" The defendant answered that "it would be all right when it becomes due." On the conclusion of plaintiff's case the defendant offered no evidence; and, as both parties moved for the direction of a verdict, the issues of fact were submitted to the court for determination. The decision was for the plaintiff; and, if the evidence be sufficient to authorize a finding that by his indorsement the defendant intended to give the maker credit with the payee, we cannot disturb the conclusion of the court; but, if otherwise, the judgment must be reversed. Dillon v. Cockroft, 90 N. Y. 649.

Upon the evidence it is neither apparent that the defendant was privy to the consideration between the maker and payee, nor that he intended by his indorsement to become surety for the maker with the payee. True, his name was on the note when delivered to the payee, but the legal effect of the fact was that he incurred a liability subsequent and subordinate to that of the payee. Bacon v. Burnham and Coulter v. Richmond, supra. True, again, the defendant acknowledged the indorsement, but an indorsement which, in law, bound him only after the payee. True, still further, that he said the note would be all right at maturity, but this, at the most, was a promise to discharge his liability as apparent on the paper; that is, as second indorser. In short, at the interview with the plaintiff, not a word fell from the defendant which tended to qualify his legal responsibility upon the note. Unquestionably, the plaintiff took the note on the faith of the defendant's admission of liability, but of the liability which the law imposed between the parties. The plaintiff said, "The party that has this note [the payee] wants me to take it as money; and, if I take it, will it be all right?" The defendant assented; that is, he agreed to be surety for the payee, but such he was already, by force of his indorsement,—not, however, in behalf of the plaintiff. The evidence is insufficient to justify the direction of the verdict for the plaintiff. Phelps v. Vischer, 50 N. Y. 69, 74. Judgment reversed, and new trial ordered; costs to abide event. All concur.