(9 Misc. Rep. 176.)

GATES et al. v. WILLIAMS et al.

(Common Pleas of New York City and County, General Term. June 27, 1894.)

NEGOTIABLE INSTRUMENTS—ACTION BY PAYEE AGAINST SUBSEQUENT INDORSER.
   Where a note indorsed by defendant was accepted in payment of the price of goods sold by plaintiff to the maker for use in defendant's building, it being stipulated, in the agreement to take the note in payment, that defendant should indorse it, and the indorsement was procured by defendant's husband, who was acting as her agent, the rule that the payee named in a note is prima facie liable as first indorser, and cannot recover against a subsequent indorser, does not apply.

Appeal from city court, general term.

Action by Ephraim C. Gates and others against Ellen Williams, impleaded, etc., on a promissory note. From a judgment of the city court (22 N. Y. Supp. 925) reversing a judgment entered on a verdict against defendant Williams, plaintiffs appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

George W. Stephens, for appellants.
James A. Deering, for respondent.

BISCHOFF, J. The plaintiffs, being the payees named in the note in suit, were prima facie liable as first indorsers, and could not maintain this action against the defendant (respondent) in the absence of an agreement whereby the latter assumed to be answerable as indorser to the former. Bornstein v. Kauffman (Com. Pl. N. Y.) 23 N. Y. Supp. 852, and cases cited. Conceding this, the plaintiffs alleged in their complaint that the note indorsed by

the defendant was given by the makers in payment of the purchase money for certain lumber thereafter to be supplied by the plaintiffs to the makers, for use in the defendant's proposed building. and that at the time of the plaintiffs' acceptance of the note, and in consideration of such acceptance, the defendant promised to pay if at maturity the makers did not.    An agreement to the effect stated was denied by the defendant.   The trial court directed a verdict for the plaintiffs, the judgment whereon was reversed by the general term of the court below, the particular ground for reversal being that the agreement alleged in the complaint was without support in the evidence.    That the reversal was error is obvious.   It is not to be sustained upon any ground, as none of the exceptions taken during the trial present error.

On the trial, the plaintiffs failed to establish the agreement alleged, but there was sufficient evidence from which it appeared that the note indorsed by the defendant was accepted by the plaintiffs in satisfaction and discharge of a demand which arose from the past supply of lumber by the plaintiffs to the makers of the note, and for use in the defendant's building; and that the note was so accepted by the plaintiffs under circumstances which admit of no other reasonable inference than that the defendant assumed to be answerable as indorser to the plaintiffs upon the makers' default, in consideration of the plaintiffs' acceptance of the note for the purposes stated.    This last-mentioned evidence was substantially conceded on the part of the defendant to be true, as we shall hereinafter show, and was admitted without objection.    Unless, therefore, the agreement proved was in itself insufficient to constitute a cause of action, the objection that the cause of action, as alleged, was unproved in any essential particular, was not available to the defendant.   Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910.   If necessary in support of the judgment, the appellate court may conform the pleadings to the proof.   Reeder v. Sayre, 70 N. Y. 180; Harris v. Tumbridge, 83 N. Y. 92.

The indebtedness of the makers to the plaintiffs in the amount for which the note was given was conceded.    The plaintiffs' collector, Robinson, testified that he was sent by his employers to collect their demand, and that, having met the defendant, the indorser, he was by her referred to her husband, at the latter's place of business, there to meet her, with Fritz & Hafner, the makers of the note, for the purposes of a settlement relating to the construction of her building; that he met the defendant's husband and Fritz & Hafner at the place appointed, but did not see the defendant, though she was in another part of the house; that he then requested payment of the plaintiffs' bill; that Fritz stated that he was without money; that the witness then offered to accept Fritz & Hafner's note for the amount, provided the defendant would indorse it; that Fritz thereupon produced the note in suit, signed by his firm, and payable to the order of the plaintiffs, and handed it to the defendant's husband, who was present throughout the interview, and assumed to act for his wife; that the defendant's husband took the note out of the room, returning with it shortly afterwards, indorsed by the

defendant; that the note, so indorsed, was thereupon delivered to the witness, either by Fritz or the defendant's husband, and that the witness, in exchange therefor, gave Fritz the plaintiffs' receipted bill against Fritz & Hafner. That Robinson was referred by the defendant to her husband on the occasion alluded to by the witness was nowhere denied; and that the defendant's husband assumed to act as her representative, with her knowledge and approval, clearly appeared from the husband's testimony, when examined as a witness for his wife. The witness last alluded to not only admitted his presence and participation in the negotiations which led to the delivery of the plaintiffs' receipted bill, and that he had just made a payment for his wife to Fritz & Hafner on account of the building matter, but he fully corroborated Robinson's statement that the defendant was in an adjoining room, and indorsed the note at her husband's procurement. The defendant's husband further corroborated Robinson with regard to the latter's refusal to accept Fritz & Hafner's note except with the defendant's indorsement. From the defendant's own admissions, it was obvious that, when she indorsed the note, she was aware that it was intended to be delivered to the plaintiffs in liquidation of their claim against the makers. Fritz, one of the makers, and a witness for the defendant, testified to the same effect. But whether or not the defendant had personal knowledge of that fact was immaterial, since, for the purposes of the negotiation and delivery of her indorsement, she had constituted her husband her agent. True, the defendant and Fritz contradicted Robinson in so far as they said that it was Fritz who took the note out of the room to secure the defendant's indorsement; but, while so doing, they equally contradicted the defendant's husband. Whatever may have been the fact in that respect, it was of no substantial importance, in view of the further and conceded fact that the defendant's indorsement was procured with the cognizance and approval of her husband, who, for the purposes of the negotiation of the note for the makers' account, represented his wife, the indorser. From the conceded facts, as they are narrated above and appear to us from the evidence, the conclusion is irresistible that the defendant, acting for the purpose by her husband, as her authorized representative and agent, intended the plaintiffs, through their collector, to understand that the note was given in liquidation of the makers' indebtedness to them, and that if, at maturity, the makers failed to pay, she would pay the amount. Hence, in legal effect, such was her promise. Any claim for the defendant that she indorsed the note for the accommodation of the plaintiffs was, if her testimony to the effect that the payees were utter strangers to her was true, preposterous; and, assuming that the defendant's indorsement was made for the accommodation of the makers, the acceptance of the note by the plaintiffs before maturity, and in discharge of the makers' precedent debt, furnished adequate consideration for the defendant's promise. Bank v. Livingston, 6 Misc. Rep. 81, 26 N. Y. Supp. 25. Our conclusion is that there was no substantial defense to the plaintiffs' cause of action as it was proved, without ob-

jection, and that a verdict for the plaintiffs was properly directed. The order of the general term of the court below should therefore be reversed, and the judgment of the trial term be affirmed, with the costs of both appeals to the present appellants. All concur.