(13 Misc. Rep. 67.)

### CASEY v. STEWART et al.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

NEGOTIABLE INSTRUMENTS—ACTION BY PAYEE AGAINST SUBSEQUENT INDORSER.
  In an action by the payee of a note against the indorsers, it appeared that plaintiff made a contract with a certain club to do work for it; payment to be partly in cash, and partly in notes of the club, indorsed by its governing board. Instead of such notes, plaintiff accepted the notes of a different club indorsed by its trustees, of which the note sued on was one. *Held* sufficient to require submission to the jury of the question whether the indorsements were made for the purpose of giving the maker credit with plaintiff.

Appeal from city court, general term.

Action by Richard H. Casey against Walter H. Stewart and Frederick Gillies Payne, impleaded with others. From a judgment of the city court (30 N. Y. Supp. 808) affirming a judgment dismissing the complaint as against defendants Stewart and Payne, plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

Frederic R. Coudert, for appellant.
James Flynn, for respondents.

GIEGERICH, J.    This action was brought against the Cosmopolitan Club, Walter H. Stewart, Frederick G. Payne, and others, upon the following promissory note:

"$500.00.                                New York, May 1st, 1893.

  "Eight months after date we promise to pay to the order of R. H. Casey five hundred dollars, at No. 16 Wt. 30th St.  Value received.  With interest.
                                        "The Cosmopolitan Club,
                                              "C. T. Lunt, Pt."

Indorsements:

"C. T. Lunt,                          Pierce Noel,
"Auguste Noel, Jr.,                   I. T. Turrison,
"Russell H. Henderson,               G. H. Bussenschutt,
"W. H. Stewart,                       S. B. Battey,
"E. B. Alvord,                        Frederick Gillies Payne,
                                         "Trustees of the Cosmopolitan Club.

  "R. H. Casey."

The complaint was dismissed when the plaintiff rested upon the trial, and exception was duly taken. The theory of the dismissal was that the note upon its face imported that the plaintiff, as payee, was presumptively to become the first indorser, and that the defendants were to be subsequent indorsers (Bornstein v. Kauffman, 4 Misc. Rep. 83, 23 N. Y. Supp. 852, and citations); and that such presumption must be rebutted by proof that the indorsement was made to give the maker credit with the payee (Bornstein v. Kauffman, supra), and that such proof was wanting. We cannot concur in this view of the significance of the evidence. The facts material to the point in hand are as follows: The plaintiff, Casey, made a contract with a certain club called the "Renwick," to make certain alterations and improvements in a building which that club was to occupy. The last clause of the contract is as follows:

"It is agreed that the terms on the within contract shall be five hundred dollars cash during progress of work, and the balance in three notes of five hundred dollars each, of four, eight, and twelve months, respectively, bearing interest at the rate of 6% per annum, and bearing the indorsements of the governing board of the club."

This contract was first sent to "Charles T. Lunt, Esq., president, and others, composing the board of governors, of the Renwick Club, 40 W. 22nd Street, City," in the form of a bid for the proposed work, and the last clause of the contract, quoted above, presumably intended notes made by the Renwick Club, and indorsed by its governing board. Instead of such notes, however, the plaintiff accepted notes, one of which is sued upon, made by the Cosmopolitan Club, and indorsed by its trustees. The reason for the substitution appears to be the fact that the Cosmopolitan Club subsequently occupied the same premises as a clubhouse, and was evidently more or less closely related to its predecessor in possession, as several of the governing board or trustees, including the defendants Stewart and Payne, were the same in both, and the defendant Lunt was president of both. Lunt testified that:

"The explanation in regard to the terms of this contract was made at a time previous to the meeting at which the note was indorsed. * * * The matter was discussed in the governing board over and over again, and then two people were present [meaning the defendants Stewart and Payne], and the whole board was present."

We are convinced that there was enough evidence to require a submission to the jury of the questions whether the indorsements were made for the purpose of giving the Cosmopolitan Club credit with the plaintiff, Casey. The evidence in this case is similar in many respects to that in Gates v. Williams, 9 Misc. Rep. 176, 29 N. Y. Supp. 712, in which we held that the indorsement was, in legal effect, a promise to pay the amount of the note if the makers failed to pay the same at maturity. The dismissal of the complaint was error. For these reasons the judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.