property, and only the same proceedings were necessary to prosecute the bond as were required to foreclose the lien. Under the complaint, the plaintiff was entitled to a judgment of foreclosure. That being so, he had the right to a judgment against the sureties on the bond.

The judgment is affirmed, with costs. All concur.

<hr>

(14 Misc. Rep. 464.)

### LINCOLN NAT. BANK OF CITY OF NEW YORK v. BUTLER et al.

(City Court of New York, General Term. November 26, 1895.)

NEGOTIABLE INSTRUMENTS—LIABILITY OF INDORSER—PRESUMPTION.

One who indorses a note payable to another before its delivery to the payee is presumed to be liable as a subsequent indorser.

Appeal from trial term.

Action by the Lincoln National Bank of the City of New York against Jacob S. Butler, impleaded, on a promissory note. There was a judgment in favor of plaintiff, and defendant Butler appeals. Reversed.

Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

John C. Shaw, for appellant.

Stern & Rushmore, for respondent.

McCARTHY, J. This action was brought against the defendant Butler, as indorser upon a promissory note made by one Andrew J. Taylor to the order of James Casey, and thereafter indorsed by the defendant Butler for the accommodation of the said Casey, who procured it to be discounted by the plaintiff. On the trial of the action the plaintiff produced the note in suit. No other testimony was offered by the plaintiff, the allegation that the indorsement on the note by Butler was for the accommodation of Casey being admitted by the answer. The defendant's counsel moved to dismiss the complaint, or for a direction of a verdict in favor of the defendant, upon the following grounds: (1) That no cause of action against the defendant Butler had been shown; (2) that it had not been shown that the indorsement by the defendant Butler was made for the purpose of giving credit to the maker with the payee. The motions were denied, and the defendant Butler excepted. The plaintiff's counsel moved that a verdict be directed in favor of the plaintiff for the amount of the note, which motion was granted, and the defendant duly excepted.

There has been a mistake as to the facts claimed to have been conceded by the amended pleadings. They, of course, supersede the original, and control. The amended answer, by the second paragraph, denies the very essential contained in paragraph 3 of the amended complaint, and which plaintiff says was admitted. He is mistaken. In the absence of proof that Butler's indorsement was made for the purpose of enabling the maker to obtain credit with the payee, as alleged by the plaintiff in his amended complaint, he

stands only in the position of a subsequent indorser. When one indorses a promissory note payable to another, or order, prior to its delivery to the payee, in the absence of proof that he indorsed with intent to become surety for the maker to the payee, the legal presumption is that he stands in the position of subsequent indorser; and the payee can neither maintain an action upon the indorsement, nor can he transfer a right of action thereon to a purchaser with notice, except upon assuming the responsibility of first indorser. Phelps v. Vischer, 50 N. Y. 69; Bacon v. Burnham, 37 N. Y. 614; Wyckoff v. Wilson (City Ct. N. Y.) 9 N. Y. Supp. 628; Coulter v. Richmond, 59 N. Y. 481; and Bornstein v. Kauffman, 4 Misc. Rep. 83, 23 N. Y. Supp. 852. Plaintiff, if he had this proof, could have presented it, and thus avoided any further trouble.

For this reason, judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.