(66 Misc. Rep. 616.)

## KLINE v. IMPERIAL COAL & COKE CO.

(City Court of New York, Trial Term.   March, 1910.)

1. COURTS (§ 159*)—JURISDICTION—INFERIOR COURTS—LEGISLATIVE CONTROL.
    The jurisdiction of inferior local courts may be restricted or enlarged by the Legislature as to the subject-matter, amount in controversy, and persons.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 404; Dec. Dig. § 159.*]

2. COURTS (§ 14*)—JURISDICTION—INFERIOR COURTS—CITY COURT OF NEW YORK.
    Code Civ. Proc. § 315, gives the City Court of the City of New York jurisdiction of an action against a foreign corporation to recover a money judgment, and section 1780 permits an action against a foreign corporation by another foreign corporation or nonresident where the cause of action arose in the state, unless it affects title to realty. *Held*, that an action for nonpayment of a check made payable in this state, where payment was demanded and refused, arose within the state, so as to authorize the action to be brought in the City Court of the City of New York by a nonresident against a foreign corporation; section 1780 enlarging the jurisdiction of that court as provided by section 315.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. § 14.*]

Action by Robert M. Kline against the Imperial Coal & Coke Company.   On defendant's motion for new trial after directed verdict for plaintiff.   Motion denied.

Eugene H. Brock, for plaintiff.
William D. Farrington, for defendant.

FINELITE, J.   The plaintiff, a merchant residing in New Cumberland, Pa., cashed at his office there and became a bona fide holder of three checks made by the defendant, each dated Geneva, New York, April 29, 1909, and drawn on the Geneva National Bank of that city, to the order of Iola E. Oyster, C. C. Oyster & Co., and H. W. Linebaugh, respectively.   The checks, which were in the respective amounts of $300, $300, and $200, were duly presented for payment at said bank at Geneva, N. Y., and payment demanded and refused.   Said checks were duly protested for such nonpayment.   No part of said sums has been repaid to plaintiff.

The evidence adduced upon the trial in behalf of the plaintiff were depositions which substantially supported the facts above set forth.   By stipulation, which was attached to the commission to take the depositions referred to, it was agreed that the checks, the subject-matter of the action, were made by defendant; that they were duly presented for payment, and payment thereof demanded and refused at Geneva, N. Y., at said bank.   Plaintiff then rested.   The defendant moved to dismiss the complaint on the ground that the court lacks jurisdiction, it being affirmatively shown that the plaintiff is a resident of the commonwealth of Pennsylvania and the defendant is a corporation organized under the laws of the District of Columbia, and that it was not shown that it has now an office or at the time mentioned had an office or place of business in the city of New York, county of New York,

within the jurisdiction of this court. The motion was denied and the defendant rested. The court then directed a verdict for the plaintiff for $844.71. Defendant thereupon moved for a new trial upon the grounds already urged, and the further ground that the court never obtained jurisdiction of this action. This motion is now before me for determination.

The jurisdiction of this court in relation to certain parties and subject-matter has been brought often into question, and has been the topic of frequent judicial expression. That the Legislature may, from time to time, limit or restrict or enlarge the jurisdiction of this court in respect to subject-matter, amount, or persons is well established, and, viewing the question presented upon this motion, a short review in reference to the various statutes under which this court was created, and its jurisdiction enlarged and extended, so far as made applicable to the question under consideration, is as follows: The City Court of the City of New York is not a constitutional court, being nowhere referred to in the state Constitution, and the Legislature has been expressly empowered by the Constitution to create inferior local courts of civil and criminal jurisdiction in the cities. Const. 1846, art. 6, § 14; Const. 1869, art. 6, § 19; Const. 1849, art. 6, § 18. The Legislature, therefore, may from time to time increase or diminish the jurisdiction of such inferior local courts by adding to or excluding therefrom any designated class of cases or causes of action; in other words, the jurisdiction of the court could from time to time be limited and restricted or enlarged, with respect to subject-matter, amount and persons. Bretz v. Mayor, 6 Rob. 325; Curtin v. Barton, 139 N. Y. 505, 34 N. E. 1093.

Beginning with the Assistant Justices' Court and extending for more than a century, the jurisdiction of the City Court of the City of New York has been gradually increased in amount. The court was renamed from Old Justices' Court to the Marine Court by chapter 71, p. 74, Laws 1819, and by chapter 629, p. 1493, Laws 1872, the jurisdiction of the Marine Court was defined and declared to be a court of record. Subdivision 15 was added, conferring jurisdiction upon said court in actions against corporations created by or under the laws of this state and transacting their general business within the said city of New York, or established by virtue of statute, or in pursuance of general laws therein, or created by or under the laws of any other state, government, or country, for the recovery of any debt or damage, whether liquidated or not, arising upon contract made, executed, or delivered within this state, or upon any cause of action arising therein. By chapter 26, p. 20, Laws of 1883, the name of the Marine Court was changed to that of the City Court of New York, and thereafter and by title 1, chapter 20, of article 1 of the Code of Civil Procedure, the "City Court of New York" is designated as "the City Court of the City of New York" in provisions relating to certain courts and cities and the proceedings therein, and by chapter 3, title 4, of article 1; but as chapter 26 of the Laws of 1883, changing said court to the name of "the City Court of New York," has not been repealed, and by the Greater New York Charter (chapter 378, p. 1, of

Laws of 1897) § 1345, it was provided that the City Court of the City of New York should be continued, and that the court and justices thereof should have the same powers and jurisdiction as were then conferred upon them by law.

In this light we find that section 315 of the Code of Civil Procedure gives this court jurisdiction over foreign corporations as parties defendant, and while that section is silent on the point of nonresident parties plaintiff, section 1780, being read with it, gives this court jurisdiction of an action by one nonresident against another nonresident when the cause of action comes within the express provisions of that latter section, which, permitting a resident of the state or a domestic corporation to maintain an action against a foreign corporation for any cause, limits actions against foreign corporations by other foreign corporations or nonresidents to those, among others, where the cause of action arose within the state, except where the subject-matter of the action is to affect the title to real property without the state.

The checks in question being payable in Geneva, within the state, the breach of contract occurred when payment was demanded and refused there, and the cause of action arose at that time and at that place. There is no dispute that the Supreme Court under section 1780 has jurisdiction where the plaintiff, a foreign corporation, sued the defendant, also a foreign corporation, on a check made payable at a bank in the state of New York. Hibernia Nat. Bank v. Lacombe et al., 84 N. Y. 367, 38 Am. Rep. 518. This section is equally applicable to the City Court of the City of New York, being an enlargement, in that respect, of section 315. Hand v. Soc'y for Savings of Cleveland (City Ct. N. Y.) 18 N. Y. Supp. 157; Perry v. Erie Transfer Co. (Com. Pl.) 19 N. Y. Supp. 239; Id., 1 Misc. Rep. 208, 20 N. Y. Supp. 891. In O'Reilly v. N. B. A. & N. Y. Steamboat Co., 28 Misc. Rep. 112, 59 N. Y. Supp. 261, an action brought in the City Court of New York, the defendant, a New Jersey corporation, was sued upon a cause of action which arose in that state. The cause of action not arising within this state and being against a foreign corporation could only be maintained by a resident of the state under section 1780. The plaintiff's failure to allege his residence was held a fatal defect, as the complaint did not contain any facts conferring jurisdiction on the court; but in the case at bar the complaint avers that the breach occurred within the state, so the cause of action arose here, and irrespective of the residences of the parties plaintiff and defendant this court thereby obtains jurisdiction.

Defendant's counsel's contention that, if section 1780 be applicable to this court at all, the words therein "arose within the state," should be read "arose within the city of New York," is most novel, as he thereby attempts to legislate out of a statute words describing a certain geographical division and legislate in their place other words descriptive of another division territorially different.

The motion for a new trial is denied, to which the defendant may have an exception, with 10 days' stay of execution after notice of entry of judgment, and 30 days to make and serve a case.