CONGER *vs.* JOHNSTON and others, executors of Campbell.

A plea in confession and avoidance must expressly or impliedly admit that but for the matter of avoidance relied on, the action could be maintained.

Accordingly, a plea of the statute of limitations, in which it was averred that " the several causes of action, &c. *if any such there were, or still are,* did not accrue within," &c. was held bad for not giving color.

DECLARATION in assumpsit on promises by the testator; plea 3d, *actio non* &c. because the defendants say, that the said several supposed causes of action in the said declaration mentioned, *if any such there were, or still are,* did not, nor did any or either of them accrue to the said plaintiff within six years &c. Demurrer, assigning for cause, that the plea does not sufficiently confess the action, nor give color to the plaintiff.

*N. Hill Jr.,* for the plaintiff.

*J. A. Spencer,* for the defendants.

*By the Court,* BRONSON, Ch. J. Every plea in confession and avoidance must give color, by admitting an apparent or *prima facie* right in the plaintiff. It must either expressly or impliedly confess that but for the matter of avoidance contained in the plea, the action could be maintained. This plea makes no such confession, and is therefore bad. Instead of saying, as the pleader should have done, that the several causes of action mentioned in the declaration did not accrue within six years; the words are that the several supposed causes of action mentioned in the declaration " if any such there were, or still are," did not accrue within six years. The defendants do not admit, that but for the statute of limitations the plaintiff could have sued. The plea gives no color. *Margetts* v. *Bays,* (4 *Adol. & Ellis,* 489,) is a case in point. The action was debt on simple contract; and the plea was, that the supposed debt in the declaration mentioned, *if any such there be,* did not accrue within six years; and the plea was held bad on demurrer for

not confessing the debt.  The following cases will serve to illustrate the rule which has been mentioned.  ( *Griffiths* v. *Eyles*, 1 *Bos. & Pul.* 413, 417 ; *Manchester* v. *Vale*, 1 *Saund.* 27, *and note* (1) ; *Brown* v. *Artcher*, 1 *Hill*, 266 ; *McPherson* v. *Daniels*, 10 *Barn. & Cres.* 263.)   But we are referred to a precedent from which the plea has evidently been copied.  (3 *Chit. Pl.* 941, *7th Am. from 6th Lond. ed.*)   This is not the first time that I have noticed precedents of questionable authority in the late editions of what was originally a very good book.  In the 3d American from the 2d London edition of the work, ( *Vol.* 2, *p.* 498,) the same plea is given without the qualifying words, " if any such there were, or still are," which make this plea bad.

Judgment for the plaintiff.