## SUPREME COURT.

### SAYLES agt. WOODEN.

In pleading to an action of slander, it is not a sufficient justification to answer, that if the words were spoken as stated in the complaint, they are true. The defendant must state such facts as will show that the plaintiff is guilty of the crime imputed to him (see 4 *How.* 98, 347.)

Hypothetical pleading is not allowed (see 5 *How.* 14, 470.)

*Saratoga Special Term, December,* 1850. *Demurrer to an answer in an action of slander.* The facts will sufficiently appear in the opinion of the court.

WM. H. KING, *for Plaintiff.*

KIRTLAND & SEYMOUR, *for Defendant.*

Sayles agt. Wooden.

CADY, Justice.—This is an action for slander. The plaintiff has put into his complaint eighteen causes of action; or what, before the Code, would have been called eighteen counts. It appears from the complaint that the defendant sued the plaintiff before a justice of the peace, and the defendant in that action verified his answer by making oath before the justice that he believed the said answer to be true; and eleven of the eighteen causes of action set out in the complaint, consist in substance of charges made by the defendant that the plaintiff in his verification of that answer swore false, or swore to a lie. The other seven causes of action alleged in the complaint do not in terms refer to that verification.

The defendant has put in three distinct answers or defences. The first denies each and every allegation in the complaint. In his second or further answer, he avers, that the facts set forth in the complaint are not sufficient in law to constitute a cause of action, in as much as the verification to the answer of the said plaintiff, as set forth in said complaint, would not if such answer were false constitute the offence of perjury; nor could the plaintiff have been indicted for perjury upon such verification at the time the slanderous words are alleged to have been uttered; and he craves the same benefit of this objection to the complaint, as if he had demurred to the complaint for that cause. In his third and further answer, he says, if he did speak and publish the several slanderous words in the complaint alleged, the same were true in substance and fact.

The plaintiff in his reply, instead of treating the defendant's second answer as a demurrer to the complaint, denies upon information and belief the allegations therein contained, thus taking issue thereon, as if the second answer contained allegations of facts, when in truth it contains only matters of law.

To the third answer the plaintiff has demurred, and specified various grounds for such demurrer; but, to decide the cause, it will not be necessary to examine the various grounds alleged for the demurrer. It will be enough to say that a plea in slander, that the words alleged to have been spoken are true, would not

enable the plaintiff to prepare for trial. Suppose a defendant has said of a plaintiff, he is a thief; he has committed perjury; he is a murderer; and the speaking of such words is alleged in the complaint, and the defendant answers: if I have said that you are a thief, *that you have committed perjury*, and are a murderer; the words are true: how could the plaintiff prepare for trial? It would be impossible. When a defendant in an action of slander intends to justify the speaking the slanderous words, he must state such facts as will show the plaintiff guilty of the crime imputed to him (4 *How. Pr. R.* 98, 347). If all the causes of action stated in the complaint had in terms referred to the plaintiff's verification of his answer before the justice, he would then have known that all that he need prove was that that verification was true; but the 9th, 10th, 11th, 15th, 19th and 16th causes of action, stated in the complaint, contain no reference to the verification of the plaintiff's answer before the justice.

Again, hypothetical pleading is not allowable (5 *How. Pr. R.* 14, McMurray agt. Gifford).

I am, therefore, of opinion that the defendant's third answer is bad, and that the plaintiff is entitled to judgment thereon.