# SUPREME COURT.

## James A. Hamilton agt. Lucas F. Hough.

An *answer* to a complaint for a balance due for goods sold and delivered, which denies that the plaintiff "*ever sold to the defendant any goods which had not been paid for by the defendant;*" and also that "*if the plaintiff ever sold any goods to the defendant, they were sold on credit, and not to be paid for in nine years from the day of sale,*" is bad.

In the first, there is nothing that amounts either to a denial of the sale and delivery, or an allegation of payment. It is a mere attempt at hypothetical pleading.

In the second, the answer is in terms hypothetical—no allegation is denied—no new matter is alleged—of course, no issue is tendered.

*Columbia Special Term, April,* 1856.

Motion to strike out, &c.

The action was brought by the plaintiff, as receiver of the estate of Granger, Comfort & Co. The complaint alleged the sale and delivery of a large quantity of goods to the defendant by that firm, and that the sum of $599.07 remained due and unpaid upon such indebtedness, for which amount, with interest, the plaintiff claimed judgment.

The answer, in form, contained four different defences. In the *first*, the defendant denied the appointment of the plaintiff as receiver of the estate of Granger, Comfort & Co.; and in the *last*, the allegations of the complaint were denied. In the *second* defence, the defendant denied that the firm of Granger, Comfort & Co. ever sold to the defendant any goods which had not been paid for by the defendant; and, in the *third* defence, the defendant alleged that if Granger, Comfort & Co.

ever sold any goods to the defendant, they were sold on credit, and not to be paid for in nine years from the day of sale.

The plaintiff moved to strike out that part of the answer which contained the *second and third* defences.

HENRY HOGEBOOM, *for plaintiff.*
CHARLES ESSELSTYNE, *for defendant.*

HARRIS, Justice. Those portions of the answer which are embraced in this motion, contain nothing which even purports to amount to a defence. No allegation in the complaint is denied—no new matter is alleged. In the *second* defence, the defendant says, in substance, if the goods were sold and delivered, they have been paid for. There is nothing that amounts either to a denial of the sale and delivery, or an allegation of payment. It is a mere attempt at hypothetical pleading. The defendant asserts that no goods were sold which have not been paid for. In other words, he says, "I will neither admit nor deny the sale; but this I say, that if the plaintiff shall prove the sale, then I will undertake to prove payment." It needs no argument to show that such pleading is unauthorized.

The *third* defence is still more palpably defective. There the defendant says, in terms, that if the plaintiff shall prove a sale, he, the defendant, will prove that the term of credit upon which the sale was made, has not expired. No allegation is denied. No new matter is alleged. Of course, no issue is tendered.

The motion must be granted. There will be enough left in the answer to put the plaintiff to the proof of his case. It is unnecessary, therefore, to provide for an amendment. The plaintiff is also entitled to the costs of the motion.