LUCINDA J. WILEY, Appellant, *v.* THE VILLAGE OF ROUSE'S POINT, Respondent.

*Pleading — demurrer to a separate defense — what is admitted thereby — hypothetical defense — remedy.*

Where the plaintiff demurs to a separate defense in an answer the court can only consider the complaint, the defense demurred to and the demurrer, and although the answer may, in other parts, contain denials of allegations of the complaint, if there be no such denials in the separate defense demurred to, the allegations of the complaint must, upon the hearing of the demurrer, be taken as admitted.

The plaintiff brought an action against a municipal corporation to recover damages for injuries sustained, as alleged, from the improper condition of a street and sidewalk. The defendant answered and denied, *first*, all the allegations of the complaint, except certain formal allegations of the defendant's incorporation, its duty to care for the streets, and that her claim for injuries had been presented to the village and had not been paid. The answer proceeded as follows: "*Second*, the defendant, for a further answer and defense, alleges that if the plaintiff fell upon the streets or sidewalks of the village of Rouse's Point at the time mentioned in said complaint, and suffered any injury or damage thereby, the same was caused solely by the contributory negligence of plaintiff." The plaintiff demurred to this second defense.

*Held*, that the demurrer was properly overruled;

That if the plaintiff deemed the second defense hypothetical, the remedy was by motion;

That as the answer set up the defense of the plaintiff's contributory negligence, it could not be demurrable;

That while the defendant might, under a general denial, have proved the contributory negligence of the plaintiff, it was not improper to interpose this defense separately.

Appeal by the plaintiff, Lucinda J. Wiley, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Clinton on the 11th day of October, 1894, overruling a demurrer to the second paragraph of the answer, with notice of an intention to bring up for review upon such appeal an order made on the 11th day of September, 1894, upon which order the interlocutory judgment was entered.

The action was brought by the plaintiff to recover for injuries sustained by her, as alleged, from the improper and unsafe condition of a street and sidewalk in the village of Rouse's Point. The complaint, among other things, alleged the incorporation of the village, and that it was its duty to keep the streets and sidewalks in a a safe and proper condition. It then stated the cause of action and its incidents, and the defendant's negligence. It further alleged that the plaintiff's claim for injuries had been presented to the defendant, according to the statute, and that it had not been paid.

The defendant's answer denied, *first*, all the allegations of the complaint, except those which referred to its incorporation, to its duty to care for the streets and sidewalks, and to the due presentation of the plaintiff's claim and its non-payment.

The answer continued as follows:

"*Second*. The defendant, for a further answer and defense, alleges

that if the plaintiff fell upon the streets or sidewalks of the village of Rouse's Point at the time mentioned in said complaint, and suffered any injury or damage thereby, the same was caused solely by the contributory negligence of plaintiff." Then followed the demand that the complaint be dismissed, with costs.

The plaintiff demurred to this second defense, the demurrer was overruled at Special Term, and the plaintiff appealed.

*W. H. Dunn,* for the appellant.

*Egbert C. Everest* and *L. L. Sheddon,* for the respondent.

PUTNAM, P. J.:

On a demurrer to a separate answer the court has before it and can only consider the complaint, the answer demurred to and the demurrer. Hence, although parts of the answer may contain denials, if there is none in the separate answer to which the demurrer is interposed in the consideration of the case, the allegations of the complaint must be deemed admitted. (*Douglass* v. *Phenix Ins. Co.,* 138 N. Y. 209–215; *Valentine* v. *Lunt,* 51 Hun, 544–547; *Boyd* v. *McDonald,* 35 N. Y. St. Repr. 484; *Hammond* v. *Earle,* 58 How. Pr. 426.)

In this case the second paragraph of defendant's answer, to which the demurrer was interposed, contained no denial of the allegations of the complaint or either of them, except that the averment in such answer that the injury to the plaintiff, if any, was caused by her contributory negligence may be regarded as a denial of the allegation in the complaint that the accident occurred without any fault, negligence or carelessness on her part. The answer admits the plaintiff's fall on the street or sidewalk of the village of Rouse's Point, and the suffering, injury and damage resulting therefrom, because it does not deny the allegations of the complaint in that regard. It admits all the allegations of the complaint except as to contributory negligence.

We think, therefore, that the answer is not subject to the objection suggested by the appellant. The allegation therein, that "if the plaintiff fell," etc., does not deny, and hence admits the aver-

ments in the complaint.   Therefore, plaintiff is mistaken in stating that she is unable to ascertain from defendant's answer what facts in her complaint are controverted.   All the facts stated in the complaint are clearly admitted except the fact of the absence of contributory negligence.   The defendant, not denying that plaintiff fell on one of the streets of Rouse's Point and was injured, as alleged in the complaint, could, we think, properly use in his pleading the language to which plaintiff objects, that " if the plaintiff fell," etc., such fall was caused by her contributory negligence. (*Taylor* v. *Richards et al.,* 9 Bosw. 679; *Ketcham* v. *Zerega,* 1 E. D. Smith, 553.)

It is not apparent how plaintiff is in any manner injured by such an averment in the answer.   If the allegation, however, should be deemed hypothetical and improper, the remedy of plaintiff was by motion and not by demurrer.   The pleading alleged a defense — the contributory negligence of plaintiff — and hence a demurrer thereto could not be sustained.

The learned counsel for the appellant suggests that " if the defendant had been content to have alleged (upon information and belief, or otherwise) that the negligence of plaintiff contributed to cause her injuries, then its answer would have been clear and concise, enabled all parties to have known what was really in issue in the case, and would not have been subject to the criticism of being hypothetical and uncertain."   In fact, defendant has alleged in the answer in question just what the counsel thinks she should have alleged.   By not denying — it is admitted that plaintiff was injured as alleged in the complaint, and it is plainly averred that such injury was caused by her contributory negligence.

The answer in question was not necessarily interposed by the defendant.   It was a proper and necessary allegation in the complaint that the injury to plaintiff was not caused by her negligence. On the trial plaintiff, as a part of her cause of action, will be compelled to show the absence of contributory negligence.   Hence, a general denial in the answer of defendant would have enabled it to show contributory negligence on the part of plaintiff, and it was not necessary for it to allege that fact by way of affirmative defense. But, although not compelled to do so, we think the defendant could properly, as a separate answer, allege such contributory negligence

on the part of the plaintiff, although such defense could be proved under a general denial contained in other parts of the answer.

The judgment should be affirmed, with costs.

HERRICK and STOVER, JJ., concurred.

Judgment affirmed, with costs.