(97 App. Div. 48.)

CORN v. LEVY et al.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. PLEADING—HYPOTHETICAL DEFENSES.
Under Code Civ. Proc. § 522, providing that each material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true, a hypothetical clause in an answer to the effect that, if the note described in the complaint was ever indorsed by defendant's testator, it was indorsed by him under circumstances showing a diversion, denied nothing in the complaint, and could be regarded as mere surplusage, which could properly be stricken on motion, but it did not render the answer bad on demurrer.

2. BILLS AND NOTES—ACTIONS—PLEADING.
Under the negotiable instruments law (Laws 1897, p. 719, c. 612, as amended by Laws 1898, p. 1091, c. 396, § 114), providing that, where a person not otherwise a party to an instrument places his signature there-

on in blank before delivery, he is liable as indorser to the payee and to all subsequent parties, if the instrument is payable to a third person, it is not necessary for the complaint in an action on a note to allege, in order to charge a third person as an indorser before delivery, that the indorsement was made in order to give the maker credit with the payee, or that the party indorsed the note as surety for the maker.

3. SAME—DIVERSION—KNOWLEDGE BY PLAINTIFF.

In an action on a note brought against the executors of the second accommodation indorser by the first accommodation indorser, who had been compelled to pay a judgment recovered against her upon the note by the payee, an answer alleging that the note was indorsed under circumstances which showed a diversion was bad, where it did not specify when plaintiff became aware of the alleged diversion.

Appeal from Trial Term, Queens County.

Action by Rosetta Corn against Julia Levy and William Hyams, as executrix and executor, respectively, of Philip Levy, deceased. From an interlocutory judgment sustaining a demurrer to a defense of the answer, defendants appeal. On reargument. Affirmed.

For former opinion, see 87 N. Y. Supp. 768.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William C. Prime, for appellants.

Joseph J. Corn (Ira Leo Bamberger and Edward Lazansky, on the brief), for respondent.

WILLARD BARTLETT, J. This is an action upon a promissory note for $2,500, brought against the executors of the second accommodation indorser by the first accommodation indorser, who has been compelled to pay a judgment recovered against her upon the note by the payee named therein. The answer contains a denial, and in the second subdivision thereof a separate defense, alleging that, "if the said note set forth and described in the complaint was ever indorsed by the defendants' testator," it was indorsed by him under circumstances thereinafter stated, which circumstances would show a diversion of the note. The only averment that the plaintiff ever had any notice of this alleged diversion is found in the words at the conclusion of the statement, "of all of which the said Kate A. Weichel [the payee] and the said plaintiff and each of them were fully aware." The plaintiff demurred to the defense on the ground that it was insufficient in law upon the face thereof, and the demurrer was determined in her favor upon the grounds (1) that it was hypothetically pleaded; and (2) that it did not specify the time when the plaintiff became aware of the alleged diversion attempted to be set forth in said alleged defense. From the interlocutory judgment entered upon the decision of the court at Special Term, the defendants now appeal.

It is impossible to reconcile the decisions of the courts of this state upon the question whether a hypothetical defense is bad on demurrer. A conflict of opinion upon this subject was manifested in the decisions rendered at Special Term soon after the reformed procedure under the Code went into effect. The judges seem to have agreed that hypothetical pleading was objectionable, but they differed as to the remedy. In 1850, at the Saratoga Special Term, Mr. Justice Cady was called upon to consider a demurrer to an answer in an action for slander. In

his third defense the defendant alleged that, if he did speak and publish the several slanderous words in the complaint set forth, the same were true, in substance and fact. Upon a demurrer to this defense the court rendered judgment for the plaintiff. Sayles v. Wooden, 6 How. Prac. 84. In the same year, in an action on a promissory note which came before Mr. Justice Willard, the answer interposed a denial of any indebtedness to the plaintiffs, and a plea that, if the plaintiffs were the owners or holders of the note sued upon, said note was obtained from the defendant by fraud. The court granted a motion for judgment on the ground that the answer was frivolous, saying that the Code gave no countenance to a hypothetical answer. McMurray and Thomas v. Gifford, 5 How. Prac. 14. In 1854, at the Albany Special Term—an answer in a negligence suit for digging a ditch in a highway and allowing the same to remain open without safeguards—the defendant set up, first, a general denial; and, second, an averment that, "if any such ditch or trench was dug, it was done without the knowledge, consent, or direction of the defendant," and that, "if the plaintiff's wife fell therein, it was in consequence of her own fault and negligence and carelessness and want of proper care on her part," and that "said ditch or trench, if dug, was well and sufficiently guarded, barricaded, and secured," etc. The plaintiff's motion to strike out all of the answer except the denial, as "irrelevant, redundant, hypothetical, and insufficient," was granted by Mr. Justice Harris, who said in reference to the allegations beginning with "if" that they were obnoxious to the objection that they were made hypothetically. Wies v. Fanning, 9 How. Prac. 543. In 1856, at the Columbia Special Term, in an action for goods sold and delivered, the second defense that, if the goods were sold and delivered, they had been paid for, and the third defense, that, if the plaintiff should prove the sale, the defendant would prove that the term of credit had not expired, were stricken out upon motion; but the report of the case does not state upon what specific ground the motion was made. Hamilton v. Hough, 13 How. Prac. 14. At a later period (1863) it was held by Monell, J., at a Special Term of the Superior Court of the city of New York that it was not objectionable to plead a hypothesis, but that, if it was so, the objection was not available upon demurrer. Taylor v. Richards, 9 Bosw. 679. A similar conflict of views in respect to hypothetical defenses is to be found in the General Term decisions on the same subject. In Arthur v. Brooks, 14 Barb. 533, the Schenectady General Term (Willard, Hand, Cady, and C. L. Allen, JJ.) held that the objection to a defense that it was hypothetical rendered such a defense bad on demurrer. The same decision condemned an averment in the answer in the form that "the defendants say that they deny." The Court of Appeals disapproved this view in Jones v. Ludlum, 74 N. Y. 61, but I cannot find that Arthur v. Brooks has ever been expressly disapproved, so far as it is an authority on hypothetical pleading. So, also, in Mann v. Milne, 21 Hun, 408, the General Term of the Fourth Department (Mullin, P. J., and Smith and Talcott, JJ.) reversed an order striking out the second and third counts of the answer, and granted leave to the plaintiff to demur to those counts, holding that the remedy of the plaintiff—the counts being hypothetical—was by demurrer, and not by motion to strike out. On the other hand, in the

later case of Wiley v. Village of Rouse's Point, 86 Hun, 495, 33 N. Y. Supp. 773, the General Term of the Third Department (Putnam, P. J., and Herrick and Stover, JJ.) sustained an order overruling a demurrer to a hypothetical defense; holding, in an opinion by Putnam, P. J., that the hypothetical language in the answer was unobjectionable, but that, if it should be deemed hypothetical and improper, the remedy of the plaintiffs was by motion, and not by demurrer.

A few other cases bearing upon the point under discussion remain to be noticed. Ketcham v. Zerega, 1 E. D. Smith, 553—a decision by the General Term of the Court of Common Pleas of the city of New York, per Woodruff, J.—is an authority against the availability of a demurrer as a means of attacking new matter hypothetically pleaded in an answer. The suit was upon a judgment. The answer alleged that the defendant had no knowledge or information sufficient to form a belief whether the alleged judgment was recovered; denied that the said judgment, "if so recovered," still stood in full force and effect; further denied any indebtedness; and finally contained a plea that the judgment had been discharged in bankruptcy, if any such judgment were by the said plaintiff recovered. There was a demurrer to the answer on various grounds, the third being that "the defendant has answered hypothetically and evasively in relation to the said judgment and other matters." The demurrer was overruled at Special Term, and the judgment was affirmed by the General Term upon the ground, among others, that a demurrer would not lie to an answer going in denial of the complaint. In reference to the hypothetical form of a part of the plea, Woodruff, J., said:

"I quite agree with numerous cases in which it is held that hypothetical pleading is objectionable. But I do not agree that there are not cases in which the defendant may be permitted to answer in an hypothetical form, and, indeed, in which, being called upon to answer under oath, he can, as a conscientious man, answer in that form only."

He further pointed out that many of the forms of special pleas in approved use before the Code were hypothetical in their construction, and declared it to be an error to say that the use of such words in an answer rendered it insufficient as a pleading under the Code. "There may be many imperfections," he says, "much surplusage, great vagueness, and want of due particularity, or other objections to the answer, but on demurrer the sufficiency of the matter stated to constitute a defense is alone to be considered."

The case most frequently cited by those judges who have held hypothetical defenses to be bad on demurrer is Conger v. Johnston, 2 Denio, 96, which came before the old Supreme Court in 1846. The declaration was in assumpsit, and the third plea was that the several supposed causes of action mentioned in the declaration, "if any such there were, or still are, did not accrue within six years," etc. A demurrer on the ground that the plea did not sufficiently confess the action or give color to the plaintiff was sustained in an opinion by Bronson, C. J., who said:

"Every plea in confession and avoidance must give color, by admitting an apparent or prima facie right in the plaintiff. It must either expressly or impliedly confess that, but for the matter of avoidance contained in the plea,

the action could be maintained. This plea makes no such confession, and is therefore bad. Instead of saying, as the pleader should have done, that the several causes of action mentioned in the declaration did not accrue within six years, the words are that the several supposed causes of action mentioned in the declaration, 'if any such there were, or still are,' did not accrue within six years. The defendants do not admit that, but for the statute of limitations, the plaintiff could have sued. The plea gives no color."

In 1850, in the case of McCormick v. Pickering, 4 N. Y. 276, the Court of Appeals, of which Chief Justice Bronson, who delivered the opinion in Conger v. Johnston, supra, had then become the chief judge, seems to have disapproved the decision in the Conger Case, without directly overruling it. The suit was an action of debt on a bond. There were two pleas—first, non est factum; second, a discharge in bankruptcy. The second plea, after setting up the discharge in the usual form, averred that the supposed bond set forth in the declaration, "if any such was made," was made and accrued before the presenting of the petition in bankruptcy, and was provable under the act, and that the discharge in bankruptcy was a complete discharge from all liability on account of the said supposed bond. The Supreme Court overruled the demurrer and gave judgment for the defendant. The plaintiff appealed to the Court of Appeals, where the judgment was affirmed by a majority of the judges. The prevailing opinion was written by Ruggles, J., who admitted that the strict technical rule of pleading required the defendant, in a plea of avoidance, to give color to the plaintiff by admitting a prima facie cause of action, but who thought the technical rule had been sufficiently complied with in other parts of the plea, in which the bond was referred to without the objectionable words, "if any such were made." The learned judge added, however, that, if the case stood alone on that part of the plea which contained the words "if any such were made," he should hesitate in assenting to a reversal of the judgment for such an informality. "The defect was merely formal. It might have been amended in the court below, before or after judgment, and with or without costs, which in such cases are in the discretion of the court. This might have been done on the argument of the special demurrer, and a judgment for the defendant might thereupon have been rendered, in which there could have been no pretense of error; and if the court was not justified in looking on the words objected to as mere surplusage, and rendering a judgment on that ground, I think they ought to have struck out the words by way of amendment, and thereupon rendered the same judgment which we find on the record." Five members of the court concurred in this opinion; but Bronson, C. J., with whom Jewett, J., concurred, dissented, holding that the plea was bad by reason of the hypothetical clause above quoted, and citing the Conger Case as an authority.

Amid the perplexity created by the various precedents which have been noticed, I think we are at liberty to adopt the view which seems to us most consonant with the rules of pleading prescribed by the existing Code of Civil Procedure. Section 522 of the Code provides that each material allegation of the complaint not controverted by the answer must, for the purposes of the action, be taken as true. The hypothetical clause in the separate defense under consideration

in the case at bar, to the effect that, if the note described in the complaint was ever indorsed by the defendants' testator, it was indorsed by him under the circumstances therein stated, does not controvert any material allegation in the complaint. It denies nothing. It may therefore be regarded as mere surplusage or redundant matter, which could properly be stricken out on motion. It adds nothing to the efficacy of the defense, and the sufficiency of the defense may be passed upon precisely as though the hypothetical clause did not appear therein. Section 168 of the old Code of Procedure, which laid down the same rule as section 522 of the present Code of Civil Procedure, to the effect that a failure to deny a material allegation of the complaint is equivalent to admission of such allegation, was stated by Woodruff, J., in Connoss v. Meir, 2 E. D. Smith, 314, to be "but a re-enactment of a rule as old as the principles of pleading. Every allegation in a pleading at law which might be put in issue by the adverse party was always taken as true, if not denied." Giving effect to this rule, I am led to the conclusion that the defense attacked by the demurrer in the court below cannot be deemed bad by reason of the hypothetical clause which prefaced it.

But there is another ground upon which the defense is pronounced insufficient by the decision of the learned judge at Special Term, to wit, "in that it does not specify when plaintiff became aware of the alleged diversion attempted to be set forth in said alleged defense." Upon the first argument of this appeal I was inclined to think that the defense was good, notwithstanding the omission to allege notice to the plaintiff of the alleged diversion; but, upon the reargument which has been had, I am persuaded that the demurrer to the defense was properly sustained on this ground. The complaint alleges the making and delivery of a note to Kate A. Weichel, which before its delivery to her was first indorsed by the defendants' testator, and then by the plaintiff, for the accommodation of the maker. It then alleges presentment, nonpayment, and notice thereof to each of the indorsers; next, that thereafter the payee sued the plaintiff as indorser of the note, notice of which action was given to the defendants, and that judgment therein was recovered against the plaintiff for the amount of the note, interest, and costs, which was paid by her. The sum so paid she seeks to recover from the defendants on the indorsement by their testator. Upon the original argument I expressed the opinion that the sufficiency of the complaint might be doubted, the only allegation being that the defendants' testator indorsed the note for the accommodation of the maker. It was formerly the rule in this state that, in the absence of any further agreement, such an indorser would not be liable to the payee of the note. To establish his liability, it had to be shown that he had indorsed the note for the purpose of giving the maker credit with the payee. Phelps v. Vischer, 50 N. Y. 69, 10 Am. Rep. 433. The same rule would formerly have applied to the plaintiff, whose liability would spring entirely from a special agreement on her part—beyond that which the law implied from the mere fact of the indorsement—that such indorsement was for the purpose of giving the maker credit with the payee. The reargument was ordered upon the suggestion of counsel that the

doctrine of Phelps v. Vischer, supra, had been abrogated by the enactment of the negotiable instruments law, to the effect of which our attention was not called upon the original argument. Chapter 612, p. 719, of the Laws of 1897, as amended by chapter 396, p. 1091, of the Laws of 1898. Section 114 of that statute provides that where a person, not otherwise a party to an instrument, places his signature thereon in blank before delivery, he is liable as indorser to the payee and to all subsequent parties, if the instrument is payable to a third person. Before this provision was enacted, a third party could not be charged as an indorser of a promissory note before delivery unless the complaint alleged that the indorsement was made in order to give the maker credit with the payee, or that the party indorsed the note as surety for the maker. The omission of such an allegation was held to be a fatal defect in an action to charge such an indorser. The necessity of an averment to that effect appears no longer to exist, however, in view of the plain language of section 114 of the negotiable instruments law, which seems to require nothing more than the simple fact of the indorsement to render the defendant prima facie liable in such a case. McMoran v. Lange, 25 App. Div. 11, 48 N. Y. Supp. 1000.

This change in the law requires us to reverse the conclusion which we reached on the original argument as to this branch of the case, and to hold that the defense is legally insufficient in the second respect set forth in the decision at Special Term, to wit, "in that it does not specify when plaintiff became aware of the alleged diversion attempted to be set forth in said alleged defense." It follows that the judgment should be affirmed.

Judgment affirmed, with costs upon reargument. All concur.