(118 App. Div. 412)

### HADDOCK, BLANCHARD & CO. v. HADDOCK.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

1. BILLS AND NOTES—CONSTRUCTION AND OPERATION—ACCOMMODATION PARTIES.

Negotiable Instruments Law, Laws 1897, p. 734, c. 612, § 114, subd. 2, declares that if the instrument is payable to the maker or drawer an irregular indorser is liable to all parties subsequent to the maker or drawer. Section 118 provides that indorsers as respects one another are liable prima facie in the order in which they indorse, but evidence is

admissible to show that as between themselves they have agreed other-
wise. *Held*, that an irregular indorser who indorses negotiable paper
for the purpose of giving credit to the acceptors, and under an agreement
that he should become liable for the goods furnished the acceptors for
which the negotiable paper was executed is liable upon the acceptors'
failure to pay.

2. SAME.

The statute destroys a legal right formerly existing under the rules
of the law merchant, and should be strictly construed.

Smith, P. J., dissenting.

Appeal from Trial Term, Broome County.

Action by John C. Haddock against Haddock, Blanchard & Co.
From a judgment for plaintiff, defendant appeals. Affirmed.

Haddock, Blanchard & Co. was a corporation doing a wholesale coal busi-
ness at Binghamton. The Lenaps Coal Company, the Livingston Coal Com-
pany, and the Montauk Coal Company were corporations retailing coal. The
majority of the stock of those corporations was owned by John C. Haddock,
the defendant. The plaintiff sold these several companies coal, and, in pay-
ment therefor, signed drafts upon them for the amount of the consideration.
These drafts were payable to the order of the plaintiff which was the drawer.
These drafts were accepted by the respective coal companies, and thereafter,
and before delivery to the plaintiff, were indorsed by the defendant, Haddock.
They were indorsed by him for the purpose of giving credit to the acceptors,
and under an agreement that he should become liable for the coal furnished
by the plaintiff to the said companies. Among these drafts was one note in
which one of these companies was the maker, and the defendant was an ir-
regular indorser. The indorsement of that note was made under the same
circumstances and agreement. These drafts were discounted by the plaintiff,
and, upon failure of the acceptors to pay the same, they were duly protested,
and the plaintiff was compelled to take them up. This the plaintiff did, and
now brings action against the defendant, Haddock, upon his indorsement. At
special term, the facts were found practically as above stated, and the de-
fendant was held liable both upon the drafts and upon the note. From the
judgment entered upon that decision, this appeal is taken by defendant.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and
COCHRANE, JJ.

M. Edward Kelley, for appellant.

Israel T. Deyo, for respondent.

JOHN M. KELLOGG, J. By section 114 of the negotiable instru-
ments Law (chapter 612, p. 734, Laws of 1897), the liability of an
irregular indorser is defined. It is there declared:

"Where a person, not otherwise a party to an instrument, places thereon his
signature in blank before delivery, he is liable as indorser in accordance with
the following rules: (1) If the instrument is payable to the order of a third
person, he is liable to the payee and to all subsequent parties. (2) If the
instrument is payable to the order of the maker or drawer, or is payable to
bearer, he is liable to all parties subsequent to the maker or drawer. (3) If
he signs for the accommodation of the payee, he is liable to all parties subse-
quent to the payee."

Prior to the statute an irregular indorser upon a note was pre-
sumptively not liable to the payee.

Section 118 of that law provides:

"As respects one another, indorsers are liable prima facie in the order in
which they indorse; but evidence is admissible to show that as between or

among themselves they have agreed otherwise. Joint payees or joint indorsees who indorse are deemed to indorse jointly and severally."

This statute is substantially a re-enactment of the law as established by the cases. Moore v. Cross, 19 N. Y. 227, 75 Am. Dec. 326; Coulter v. Richmond, 59 N. Y. 478; Culliford v. Walser, 158 N. Y. 65, 52 N. E. 648, 70 Am. St. Rep. 437; Davis v. Bly, 164 N. Y. 527, 58 N. E. 648, 79 Am. St. Rep. 670.

It is an exception to the rule that the terms or legal effect of a written instrument cannot be changed by parol. This case is squarely within the terms of section 118 and the above authorities. Subdivision 2 of section 114 of that statute does not purport to fix the rights of the various indorsers as between themselves, but declares that the irregular indorser is liable to all the parties subsequent to the "drawer," not subsequent to the "payee." The drawer, the payee, and the indorser are different parties to a bill; but the same person may occupy all those positions upon it. This section does not refer to persons, but to the parties to the bill. This statute, as the defendant construes it, destroys a legal right formerly existing under the rules of the law merchant, which rules section 7 preserves in any case not provided for by the statute. It should therefore be strictly construed. If it was the intent to prevent the payee from recovering against the indorser, he and not the drawer would have been mentioned. In any event the section does not purport to define the liability of one indorser to another. That matter is governed entirely by section 118. The two sections read well together—one as showing the position of the parties while the paper is with the public as a negotiable instrument, the other as defining the rights of the indorsers as between themselves where the negotiable character of the instrument is unimportant.

The judgment should be affirmed. All concur, except SMITH, P. J., dissenting in opinion.

SMITH, P. J. (dissenting). Prior to the negotiable instruments law an irregular indorser upon a note was presumptively not liable to the payee. Evidence was permitted, however, to show that he indorsed to give the maker credit with the payee, and thus was liable to such payee. In Daniel on Negotiable Instruments (5th Ed.), in section 711, it is stated that parol proof of the intentions of the parties was admitted in such a case for the reason that the position of the name upon the paper is one of ambiguity in itself. In no case, as I understand, is parol evidence admissible to vary the relations of the parties as defined by the paper. Martin v. Cole, 104 U. S. 30, 26 L. Ed. 647. In Steele v. McKinley, L. R. 5 Appeal Cases, 764, it was held by the House of Lords, before the passage of the bills of exchange act in England, that in a case similar to the case at bar the indorser could not be held liable to the drawer even upon parol proof that the indorsement was made for the purpose of giving the acceptor credit with him. See, also, Jenkins v. Comber, L. R. 898, 2 Q. B. 168; 67 Law Journal, Q. B. 780. Also, First National Bank of St. Charles v. Payne, 111 Mo. 291, 20 S. W. 41, 33 Am. St. Rep. 520; Dubois v. Mason, 127 Mass. 37, 34 Am. Rep. 335. At no time, therefore, under the common law was there authority for holding this defendant liable

even upon proof that the indorsement was for the purpose of giving credit to the acceptor.

But whatever may have been the law prior to the enactment of our negotiable instruments law, I can see no escape from the defendant's contention that that law absolutely fixes his liability upon the paper. The liability of an irregular indorser upon a promissory note payable to a third party is there stated to be primarily a liability to the payee. I say primarily because in the third subdivision of the same section, it is permitted to show that he indorsed for the purpose of giving credit to the payee to whom he would not then be liable. The liability of an irregular indorser upon a draft payable to the order of the drawer is explicitly defined in the same section, but no liability is therein provided in case of an indorsement for the purpose of giving credit to the acceptor with a drawer. The omission could not have been unintentional. To my mind such omission convincingly negatives the legal liability of the defendant upon these drafts. This interpretation of the statute is not affected by the provisions of section 118 which provides that evidence is admissible to show the relations of indorsers among themselves, nor by section 55 of the same act which provides that an accommodation party is liable on the instrument to a holder for value. Both these sections are but declarations of the common law. Steele v. McKinley, cited above, was decided under the common law. If either of these sections could otherwise be held applicable they, as general provisions, must yield to the specific rule of liability imposed upon the defendant by section 114 of the act. It cannot be held that the negotiable instruments law states only a rule of prima facie liability. One placing his name upon commercial paper has the right to rely upon the measure of his liability imposed by that act, and he can be subjected to no greater liability by parol proof that the paper was executed with the intention of assuming such greater liability.

No case is cited in this state holding a contrary rule. Both the case of Kohn v. Consolidated Butter & Egg Company, 30 Misc. Rep. 725, 63 N. Y. Supp. 265, and the case of Corn v. Levy, 97 App. Div. 48, 89 N. Y. Supp. 658, refer to the liability of an irregular endorser of a promissory note payable to a third party. That the liability of such an indorser is open to explanation by parol is explicitly provided for by subdivision 3 of the section.

If this defendant for a valuable consideration legally assumed payment of this debt by contract other than is evidenced by this draft plaintiff might recover. Under the statute of frauds, the signing of the draft would not be sufficient to fasten liability upon him, unless his liability could be made to come within the law merchant, which is codified in our negotiable instruments law. As to the drafts, then, we think the judgment erroneously charged the defendant therewith. As to the note, defendant was clearly liable under the negotiable instruments law.

The judgment should thus be modified, and, as modified, affirmed, without costs to either party.