DONALD HORNE and PAULINE INNES HORNE, Appellants, *v.* EDWARD D. LOUGHMAN, Individually and as Receiver of ·the PELHAM NATIONAL BANK, and Others, Respondents.

First Department, May 8, 1942.

*Irving Barry* of counsel [*Barry & Katzman*, attorneys], for the. appellants.

*William F. McDermott* of counsel [*Hardy, Stancliffe & Hardy*, attorneys], for the respondent Edward D. Loughman.

TOWNLEY, J.  The plaintiffs have brought this action against the defendant Loughman, receiver of the Pelham National Bank, and his assignees, for a declaration that certain judgments owed by plaintiffs to the receiver have been discharged by his negligent conduct.  A promissory note was given by the plaintiffs to the defendant Loughman as collateral security for the debt owed by the plaintiffs to the bank.  This note was made by one Thomas for $4,000, payable six months after date to the plaintiff Donald Horne.  The note was dated November 10, 1934, and was delivered

to Loughman on October 1, 1935, after its due date. At the time of the transfer of the note the payee indorsed it and authorized Loughman to collect it.

The failure to reduce the note to judgment before the running of the Statute of Limitations against Thomas, if unexcused, makes the defendant receiver accountable to the plaintiffs for the result of the negligence. A pledgee of negotiable paper is bound to use reasonable diligence in the collection of it. If he neglects after maturity of the paper to enforce payment, he is liable to the pledgor for any loss upon the paper which might have been prevented by proper diligence and proceedings to collect it. (*Smith* v. *Miller*, 43 N. Y. 171; *Barrow* v. *Rhinelander*, 3 Johns. Ch. 614.)

A summons in which Thomas and Donald Horne were named as defendants and Loughman as plaintiff was served on Horne by delivering a copy to the sheriff of New York county before the statute had run. It is claimed that when Donald Horne indorsed the note, he became jointly liable with Thomas and that service upon him must be deemed the commencement of an action against Thomas under section 16 of the Civil Practice Act. At the time Horne indorsed the Thomas note, he was transferring that note to the receiver as collateral security for the payment of his existing debt upon the judgments. It might very plausibly be claimed that he was not by this transfer extending his personal liability to include the amount of the note. If he were not jointly liable with Thomas, section 16 of the Civil Practice Act would not have any application and the service of the summons upon him would not operate to continue the liability of Thomas.

The purpose of indorsements of promissory notes made under unusual circumstances may be explained. (Neg. Inst. Law, §§ 113, 117 and 118; *Haddock, Blanchard & Co., Inc.,* v. *Haddock,* 118 App. Div. 412; affd., 192 N. Y. 499.) The mere making of this indorsement on a past due note does not finally determine the question. Horne's intention in making the indorsement must be determined by a trial.

The orders appealed from should be reversed, with twenty dollars costs and disbursements, and the motions denied, with leave to the defendants to answer within ten days after service of order, on payment of said costs.

Martin, P. J., Glennon, Cohn and Callahan, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements, and the motions denied, with leave to the defendants to answer within ten days after service of order, on payment of said costs.