EPHRAIM BYK, Plaintiff, *v.* DAVID A. WEBER, Defendant.

Supreme Court, Special Term, New York County, March 14, 1946.

*James Rosthal* for plaintiff.

*Martin Friedman* for defendant.

SHIENTAG, J. This is a motion by the plaintiff in a slander action to strike out certain defenses as insufficient in law and certain paragraphs of a defense as unnecessary and prejudicial. The second and third separate defenses are good on their face and there is no reason for striking out any of the paragraphs of the second separate defense.

That leaves only one point, and one which raises an interesting question: the sufficiency in law of the first separate defense. The defendant in his answer denied uttering the words complained of as slanderous. In his first separate defense he says in effect that if the words ascribed to him were in fact uttered by him, they were true. Is this hypothetical form of pleading good, and if not, what is the remedy: to dismiss the defense as insufficient in law and grant leave to amend, or to strike out the hypothetical part of the pleading as unnecessary and redundant?

The law is well established that in an action for defamation, as in any other civil action, inconsistent defenses may be interposed. For example, one charged with defamation may deny the utterance complained of and in the same answer set up a separate defense of truth. The defense of truth was regarded as one of confession and avoidance, but with the growth of liberality in pleading the confession has come to be treated as technical rather than real in character. Thus, in the situation here described the denial, taken in conjunction with the separate defense of justification, would today be interpreted in law to mean: " I did not utter the defamatory matter complained of, but if it is found by the triers of the facts that I did, then I assert that it was true." While there is no particular harm in allowing a defendant to plead that way, it is settled law that a contingent or hypothetical defense will not be allowed.

The question which has troubled the courts in the past and which has been the occasion of much learned discussion is whether a hypothetical defense is subject to demurrer (or to the later procedure of being stricken out in its entirety as insufficient in law) or whether the hypothetical clause in a defense should be stricken out as irrelevant or redundant and the defense, otherwise good, allowed to stand. In *Corn* v. *Levy* (97 App. Div. 48) it was held, perhaps by way of dictum, but carefully considered dictum it was, that the proper remedy was not by way of demurrer, but by motion to strike out the objectionable hypothetical language. (See, also, *Ugglá* v. *Brokaw*, 77 App. Div. 310; *Wiley* v. *Village of Rouse's Point*, 86 Hun 495; cf. *Stroock Plush Co.* v. *Talcott*, 129 App. Div. 14.)

The first separate defense, as has been stated, is one of truth. The defense on its face would be good in the absence of the hypothetical clause, " If the words ascribed to defendant as alleged in plaintiff's complaint, were uttered by defendant." This hypothetical clause really has nothing to do with the separate defense of truth. It denies nothing; it adds nothing. It may therefore be regarded as mere surplusage or as redundant matter which may properly be stricken out under rule 103 of the Rules of Civil Practice.

It is hardly to be supposed that it makes much difference today what rule of the Rules of Civil Practice is invoked to deal with an objectionable hypothetical defense, whether it be rule 109, under which a plaintiff may move to strike out a defense consisting of new matter on the ground that it is insufficient in law, or rule 103, to strike out matter contained in any pleading on the ground that such matter is irrelevant, redundant or

unnecessary. Generally speaking, it would be necessary, in such a situation, to resort to rule 109 because the striking out of an objectionable hypothetical clause might distort the entire meaning of the separate defense sought to be asserted, or it might necessitate the reframing of the defense. Where, however, as here, the hypothetical language complained of may be excised and a perfectly good defense left remaining, the remedy afforded by rule 103 would seem to be the appropriate one; the objectionable matter could be ordered stricken out and the answer deemed amended accordingly.

The motion is accordingly granted to the extent of striking out the hypothetical clause referred to where it appears in paragraph twelfth of the answer, and the answer will be deemed amended accordingly. In all other respects the motion is denied. Settle order.